126 Ga. App. 180 (1972)
190 S.E.2d 138
WASHINGTON et al.
v.
THE STATE.
47113.
Court of Appeals of Georgia.
Submitted April 10, 1972.
Decided May 2, 1972.
Thomas M. Jackson, for appellant.
Thomas A. Hutcheson, Solicitor, for appellee.
HALL, Presiding Judge.
Defendants appeal from their convictions for disorderly conduct and from the denial of their motion for a new trial.
1. The State's motion to dismiss is denied. See Rule 14 (e) of this Court, as of March 2, 1972.
2. Defendants were five high school students who were arrested and prosecuted under Code Ann. § 26-2605 for disrupting school by creating a disturbance. Two of the defendants were apparently attempting to organize a *181 student walk-out in protest to an incident involving a teacher at the school. The activity took place on the playing field at a time when some students were attending classes and others were having a recess. Although the evidence concerning the only conduct of the defendants which would be disorderly or disruptive is sharply conflicting, there was circumstantial evidence which would support the verdict. The principal testified, in summary, that the defendants were at the center of a large group; that he heard singing and shouting which seemed to emanate from the center of this group; and that this noise caused students in the classes to come to the windows which necessarily disrupted the normal activity of the school.
3. The defendants contend that their conduct did not in itself constitute a disturbance and therefore would not be an offense under the statute as construed in Fowler v. State, 93 Ga. App. 883 (93 SE2d 183). This would be true if the conduct prosecuted were the organizing activity. Like the distribution of pamphlets in Fowler, this would lead others to be disturbed only following a voluntary, co-operative act of their own. Here, however, the conduct which is the gist of the offense was "singing and shouting" which, by itself, would be a disturbance as it could not easily be ignored. For the same reason, the case of Tinker v. Des Moines Community School District, 393 U. S. 503 (89 SC 733, 21 LE2d 731), is not applicable. The conduct there was the wearing of black arm-bands which the court held to be a legitimate form of free expression, and did not involve order on the campus, a proper concern of the school authorities.
4. Most of defendants' contentions involve subjects which this court has no power to review, e.g., the credibility of witnesses, selective prosecution and conviction of only some of the group, and the question of using criminal sanctions in this situation. We can discover no Georgia case in which a student has been prosecuted under this statute or its predecessor (former Code Ann. § 26-6913). *182 Similar conduct is ordinarily dealt with as a school disciplinary problem at most. These children will have criminal records. This type of case places "burdens on the courts which rightfully belong to parents and school officials. It is only when such corrective measures are totally without avail that the courts should be asked to invoke the sometimes awesome consequences of the law." Young v. State, 120 Ga. App. 605, 606 (171 SE2d 756). Nevertheless, the statute exists; the prosecutor has a discretion; and there was evidence which supports the verdict.
Judgment affirmed. Pannell, J., Quillian, J., concurs in the judgment.