## 53442. PORTER et al. v. THE STATE.

SHULMAN, Judge.

Five of seven defendants in the trial below appeal from their convictions for creating a public disturbance in violation of Code Ann. § 26-2605. The defendants entered the Calvary Holiness Church in Cassville, Georgia, during a Sunday evening religious service. While there they allegedly yelled, laughed, and mocked and mimicked the service. At one point two of the defendants, not appellants herein, brought into the church copperhead snakes which they handled and allegedly placed on or near the persons of several of the congregation. One of the defendants in this appeal testified to handling one of the snakes. Calvary Holiness Church and its congregation does not engage in snake handling as part of its normal service, and the presence of copperhead snakes along with the other activities of the defendants apparently had a disconcerting and disturbing effect upon the service and the congregants. Twenty-six enumerations of error are presented for our review in this appeal, each of which is without merit.

1. Enumerations 1-14 concern the court's charge to the jury. The charge, both as a whole and in the portions complained of, was not erroneous for any of the reasons assigned. "When the charge is considered as a whole no error appears. 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, but when put together and considered as a whole may be perfectly sound.' *Butterworth v. State,* 200 Ga. 13 (2) (36 SE2d 301). Such is the case here." *Poole v. State,* 130 Ga. App. 603, 606 (203 SE2d 886). See *Rucker v. State,* 135 Ga. App. 468 (3, 4) (218 SE2d 146).

2. Enumerations 15-18 attack the judgments on the general grounds. Our review of the trial transcript reveals that there was sufficient evidence to support the guilty verdicts. See *Washington v. State,* 126 Ga. App. 180 (3) (190 SE2d 138); *Moore v. State,* 49 Ga. App. 108 (174 SE 172).

3. The defendants contend that the court erred in failing to charge without request that the jury could choose not to convict even if satisfied beyond a reasonable

doubt of the guilt of the defendants. No authority to support this unique proposition is supplied nor can we find any. The nineteenth enumeration of error is meritless.

4. In Enumerations 20-23 the defendants assert that the court erred in failing to charge, in various forms, that the verdict of the jury must be unanimous. No charge on unanimous verdicts is required in Georgia in the absence of a written request. Only in "Allen" type "dynamite" charges are instructions on the individual duty of each juror and the requirement of unanimity recommended. See generally *Mize v. State,* 140 Ga. App. 17 (5) (230 SE2d 81); *Fogarty v. State,* 80 Ga. 450 (3) (5 SE 782). This case does not involve an "Allen" type recharge of the jury. Moreover, early in the charge the court gave as one of the definitions of reasonable doubt that it was "the doubt of a fairminded, impartial *juror, . . ."* (Emphasis supplied.) Later, when instructing the jury on the forms of verdicts the court twice referred to the jurors *agreeing* on the verdicts in each separate charge as to each defendant before rendering their verdicts.

5. Enumerations 24 and 25 challenge the constitutionality of Code Ann. § 26-2605. "While this court has no jurisdiction to determine, as an original proposition, constitutional questions . . ., it can determine whether constitutional questions are properly raised." *Myers v. Atlantic Greyhound Lines,* 52 Ga. App. 698, 703 (184 SE 414). Careful review of the record and trial transcript reveals that constitutional objections to Code Ann. § 26-2605 were not raised at any time prior to this appeal nor ruled upon by the trial court. "It is well settled that such questions must be raised at the first opportunity and cannot be raised for the first time in this court. [Cits.]" *Bowman v. State,* 231 Ga. 220, 221 (200 SE2d 880). See *E. P. v. State of Georgia,* 230 Ga. 770 (199 SE2d 313); *Robinson v. State,* 226 Ga. 461 (175 SE2d 505); *Cantrell v. Abernathy,* 120 Ga. App. 318 (2) (170 SE2d 319).

6. The twenty-sixth and final enumeration complains of the admission into evidence, over objection, of a witness' opinion that the defendants were creating a disturbance, the ultimate fact in question. Although this was erroneous (Code Ann. § 38-1708), it was harmless.

Prior to the objected-to testimony, counsel for the defendants asked a witness for the state, on cross examination, whether the defendants had by their actions caused a disturbance. The witness answered in the affirmative. Furthermore, defense counsel asked several other state's witnesses, on cross examination, whether they saw or heard the defendants do anything "wrong." He also queried each of the five appellants herein whether they had created a disturbance. Where the objected-to testimony was previously admitted into evidence without objection no harmful error is shown by its later admission into evidence. *Farmer v. State,* 94 Ga. App. 475 (1) (95 SE2d 321); *Moultrie v. State,* 93 Ga. App. 396 (1) (92 SE2d 33). This is especially true where such testimony was initially elicited by the complaining party.

*Judgments affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED FEBRUARY 25, 1977 — REHEARING DENIED MARCH 15, 1977 —

*Ben Lancaster,* for appellants.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.