*Richard L. Moore*, for appellee.

A92A2323. In the Interest of J. D. G., a child.
(429 SE2d 118)

Johnson, Judge.

J. D. G., a 14-year-old child, was adjudicated delinquent on a charge of child molestation. On appeal, he contends that the juvenile court erred in admitting his confession into evidence, and that there was insufficient evidence to support the judgment.

1. J. D. G. complains that the juvenile court erroneously admitted into evidence the confession he gave to police officers during an interview at the police station. He argues that the confession should not have been admitted because it was given in violation of OCGA § 15-11-19 (a) (3). That Code section provides, in pertinent part: "A person taking a child into custody, with all reasonable speed and without first taking the child elsewhere, shall bring the child immediately before the juvenile court or promptly contact a juvenile intake officer." Following a hearing on a motion to suppress his confession, the juvenile court ruled that J. D. G. had given his confession knowingly and voluntarily after being properly advised of his constitutional rights, and that OCGA § 15-11-19 was not applicable because the child was not taken into custody by the police officer.

We disagree with the juvenile court's finding that J. D. G. was not taken into custody. "An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." (Citations and punctuation omitted.) *Bowers v. State*, 151 Ga. App. 46, 49 (258 SE2d 623) (1979). Although the evidence presented at trial was conflicting, the court was authorized to find that Officer Mike Sullivan went to J. D. G.'s home pursuant to a complaint alleging that J. D. G. had raped the victim. The officer advised J. D. G.'s mother of J. D. G.'s rights, obtained her signature on a waiver of rights form, and was given permission to take J. D. G. to the police station for questioning. The officer asked J. D. G. if he would accompany him to the police station for an interview and J. D. G. agreed to do so. Nancy Melton, a caseworker for the Department of Family & Children Services, was present at the police station at the time J. D. G. was interviewed.[1] She spoke with J. D. G. before he was interviewed and she also signed the consent form that his mother had signed earlier. Melton testified that J. D. G. told

---

[1] The record shows that the Department of Family & Children Services was J. D. G.'s legal guardian.

her that he wanted to speak with the officer. The officer advised J. D. G. of his constitutional rights, and asked him if he understood each right; J. D. G. indicated that he did, signed a waiver of rights form and told the officer that he wanted to speak with him. The officer testified that he did not observe anything about J. D. G. that indicated that he did not understand his rights. During the interview, J. D. G. confessed to inserting his finger in the victim's vagina. Under these circumstances, we cannot conclude that a 14-year-old child, after being asked by a police officer if he would accompany him to the police station to discuss allegations of criminal conduct without being told that he was not required to accompany the officer, would have believed he was free to leave. Compare *Ward v. State*, 193 Ga. App. 137, 138 (1) (387 SE2d 150) (1989). We find that J. D. G. was in custody, and OCGA § 15-11-19 applies. The officer failed to comply with its provisions.

The officer's failure to comply with the juvenile code does not, however, render J. D. G.'s confession per se inadmissible. See *Paxton v. State*, 159 Ga. App. 175, 178 (282 SE2d 912) (1981). In *Paxton*, supra, we held: "While the language of the statute [OCGA § 15-11-19] required the doing of a certain thing, that is, taking [the juvenile] immediately before the juvenile court . . . such language would generally be construed as directory and not as a limitation of authority and particularly so where no injury appears to have resulted. . . ." (Citations and punctuation omitted.) Id. at 178. The purpose of OCGA § 15-11-19 is to safeguard a juvenile's rights while he is in custody. See id.

Under the totality of the circumstances in this case, we find that the technical violation of OCGA § 15-11-19 was harmless because J. D. G.'s rights were adequately protected prior to his confession. J. D. G. confessed only after he waived his rights knowingly and voluntarily, and with the knowledge and consent of both his mother and his legal guardian. See *Barnes v. State*, 178 Ga. App. 205, 207 (342 SE2d 388) (1986). Therefore, the juvenile court did not err in admitting the confession into evidence.

2. J. D. G. also argues that the juvenile court erred in admitting his confession because the police officer violated OCGA § 15-11-18.1. This argument was not raised at trial. We will not consider "issues and grounds for objection which were not raised and passed upon in the [lower] court." (Citations and punctuation omitted.) *Rhodes v. State*, 200 Ga. App. 193, 195 (2) (407 SE2d 442) (1991).

3. J. D. G. asserts that the juvenile court's disposition adjudicating him a delinquent was contrary to the weight of the evidence. This court determines the sufficiency of the evidence, not its weight. *In the Interest of C. T.*, 197 Ga. App. 300, 301 (2) (398 SE2d 286) (1990).

An emergency room physician testified that he had examined the

child victim finding that the area just outside of her vaginal entry was chafed. The victim's aunt testified that J. D. G. was with the victim on the night the alleged molestation occurred. The police officer testified that J. D. G. had confessed that he placed his finger inside of the infant's vagina. "Where a juvenile is charged with an offense which for an adult would be a crime, the standard of proof in the lower court is 'beyond a reasonable doubt.' " *In the Interest of C. D. L.*, 184 Ga. App. 412 (361 SE2d 527) (1987). Reviewing the evidence in the light most favorable to the judgment, we find that there was sufficient evidence such that a rational trier of fact could find J. D. G. guilty of child molestation beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We therefore find no error in the trial court's disposition adjudicating J. D. G. a delinquent.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.
*William A. Foster III, District Attorney*, for appellee.