A96A2268. IN THE INTEREST OF D. A. D., a child.
(481 SE2d 262)

RUFFIN, Judge.

A juvenile court found that D. A. D. committed the delinquent act of disorderly conduct. The court placed D. A. D. on probation and ordered him to adhere to a 6:00 p.m. curfew, write a letter of apology, and pay a $50 supervisory fee. D. A. D. appeals, and we affirm.

1. In his second through sixth enumerations of error, D. A. D. challenges the sufficiency of the evidence.

(a) Although D. A. D.'s fourth enumeration of error challenges

the sufficiency of the evidence *and* asserts that the offense charged was so vague and indefinite as to violate due process and equal protection, we will consider only the sufficiency of the evidence claim. "OCGA § 5-6-40 requires that enumerations shall set out separately each error upon which relied. 'When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 (cit.) or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned.' [Cits.]" *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539) (1996). D. A. D.'s assertion that the charge was vague and indefinite is deemed abandoned. See id.

(b) "Where a juvenile is charged with an offense which for an adult would be a crime, the standard of proof in the lower court is beyond a reasonable doubt." (Citation and punctuation omitted.) *In the Interest of J. D. G.*, 207 Ga. App. 698, 700 (3) (429 SE2d 118) (1993). In this appeal we will review the evidence in the light most favorable to the judgment to determine whether there was sufficient evidence such that a rational trier of fact could find D. A. D. guilty of disorderly conduct under Thomaston's City Ordinance. Id.

Viewed in this light, the evidence shows that at the time of the offense, D. A. D. was a 12-year-old student at Upson Lee Middle School and was attending his physical education class instructed by Carl Flowers. Although most of the class was playing touch football, D. A. D. and six or seven other students were sitting on steps observing because they did not "dress out" in shorts and a t-shirt that day. When another class of special education students walked by the steps, D. A. D. called one of the students "retarded." After the other class left the area, Flowers approached the students on the steps to determine who made the statement. The students began shouting "it wasn't me, it wasn't me," and Flowers told them to "be quiet" as he attempted to question each of them concerning the remark. However, D. A. D. continued talking, and Flowers stated "[D. A. D.,] will you shut up before I hit you in the mouth." Flowers testified that when he asked D. A. D. about the incident, D. A. D. "slapped [his] hand and said, get your — get your fucking hands out of my face." When Flowers told D. A. D. to go to the principal's office, D. A. D. continued shouting obscenities, calling Flowers a "mother fucker" and stating, "suck my dick, you can suck my dick. You and Coach Caldwell both can suck my dick." Flowers testified that the other students who heard D. A. D.'s statements were all in the sixth grade and 12 or 13 years old.

Thomaston's disorderly conduct ordinance provides that "[i]t shall be unlawful for any person within the City of Thomaston to

engage in any violent, tumultuous, obstreperous, or similar disorderly conduct tending to infringe on the peace and repose of the citizens of the City." Thomaston Ordinance Ch. 22, Sec. 22-33. D. A. D.'s conduct in this case can certainly be described as obstreperous. Furthermore, the use of such language by a student toward a middle school teacher during a class period is such conduct as would tend to infringe on the relative peace of the other students individually and disrupt the class generally. Moreover, the evidence showed that D. A. D.'s conduct required Flowers to take time from his regular duties to deal with the situation. Under these circumstances, we find there was sufficient evidence for a rational trier of fact to find D. A. D. guilty beyond a reasonable doubt of disorderly conduct. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *In the Interest of J. D. G.*, supra. See also *Washington v. State*, 126 Ga. App. 180 (190 SE2d 138) (1972) (physical precedent only; noise caused by shouting students disrupted normal activity of school in violation of former Code Ann. § 26-2605 (now OCGA § 16-11-34)).

(c) Contrary to D. A. D.'s assertion, the State was not required to show that he used obscene language "without provocation" or that his statements constituted fighting words. The record shows that D. A. D. was charged under the Thomaston city ordinance and not OCGA § 16-11-39 (a) (4), which includes the "without provocation" element. Similarly, the Thomaston city ordinance does not include as an element of the offense that the language constituted "fighting words."

2. D. A. D. also asserts that the trial court erred in reopening the evidence to admit two of the State's exhibits. We disagree.

The transcript shows that the assistant district attorney and the trial judge stated that they thought the exhibits were already admitted. The court apparently then admitted the evidence without comment over the objection of D. A. D.'s counsel. "It is well settled that the reopening of the evidence is within the sound discretion of the trial court. That decision will not be disturbed absent an abuse of discretion. We find no such abuse of discretion." (Citations and punctuation omitted.) *Query v. State*, 217 Ga. App. 61, 65 (6) (456 SE2d 704) (1995).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 7, 1997.

*Ralph Washington*, for appellant.
*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.