A98A1577. IN THE INTEREST OF M. M., a child.
(508 SE2d 484)

BEASLEY, Judge.

A delinquency petition was filed in juvenile court charging M. M. with commission of an act of delinquency, a burglary. At the conclusion of the adjudicatory hearing, the court found M. M. guilty of the offense charged and, following the dispositional hearing, committed him to the State Department of Children & Youth Services.[1]

In this appeal, M. M. enumerates three errors: the court's admission of an incriminatory statement he made to the detective investigating the case; a fatal variance between the date of the offense as alleged in the petition and proven at the hearing; and the sufficiency of the evidence to support the charge.

At the hearing, the victim Cramer testified that when he and his family returned on Friday, July 11, 1997, from a trip which had begun on Wednesday, he discovered that his computer had been tampered with and approximately $69 was missing from his children's room. He learned from the time log of the computer, which was properly functioning, that at 2:48 p.m. on July 11 an attempt was made to load the video game Marathon onto the computer. M. M., a child who lived in the neighborhood, had frequently played this computer game while visiting the Cramers. Although the Cramer family had befriended M. M. by allowing him to swim in their pool and admitting him as a guest in their home, he was later banned from the property because he had stolen a number of items. Mr. Cramer suspected that M. M. was the culprit on this occasion and so informed the police.

During the course of his investigation, Detective Bolton went to M. M.'s house and obtained his mother's permission to question him concerning the burglary. Detective Bolton read M. M.'s rights to him in his mother's presence, allowed him to read the waiver form on which they were stated, and had both M. M. and his mother sign it. There is no assertion or evidence of coercion or lack of understanding with respect to the waiver document.

---

[1] Although the court indicated at the dispositional hearing that it would recommend to the State that "the child be placed in a wilderness program for an extended period of time, not less than 12 months," that recommendation is not in the order of commitment. Appellant's brief indicates he is at a youth development campus.

Bolton testified, "I told [M. M.] that I knew that he was in the [Cramer] home, that I would appreciate it if he told me the truth about it and that if he did I would mention (to the district attorney) that he had cooperated. That he didn't need to lie to me or if he did I would recommend that he go back to boot camp again." On the other hand, M. M.'s mother testified that after Bolton told her that her son would not be sent to boot camp or "to juvenile" if he told the truth, she agreed to the interview. The detective testified that he did tell the district attorney's office that M. M. had cooperated.

M. M. then wrote the following statement, which he also gave orally: "Monday, I think it was, I went over to the house to see if I could go swimming. I went to all of the doors. The glass door was wide open. I went inside. I messed with the computer and tried to play Marathon II. Afterward I went into the grown ups' room. I found three dollars. Then I left. On Saturday, I went back and I was going to give it back but Mrs. Crammer [sic] would not open the door. Then I left." Following a *Jackson-Denno* hearing, the court found that this statement was freely and voluntarily given, and evidence of it was admitted over objection.

Both M. M. and his mother testified that on Friday, July 11, he was home all day. On cross-examination, he responded in the affirmative when asked whether each part of his statement to Detective Bolton was true, except for the part about trying to return the money on Saturday. Consistent with his statement, M. M. maintained that his entry into the Cramer home occurred on Monday, July 7, or possibly another day "at the beginning of the week" but not on Friday, July 11.

1. M. M. initially contends that his statement to the detective was inadmissible under OCGA §§ 24-3-50 and 15-11-31 (b). The first cited section renders a confession admissible only if "made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." The second applies this principle and constitutional safeguards to children charged with delinquency and requires corroboration of a child's confession. "[T]he question of a voluntary and knowing waiver depends on the totality of the circumstances and the state has a heavy burden in showing that the juvenile did understand and waive his rights. [Cits.]"[2] "Confessions of juveniles are scanned with more care and received with greater caution."[3]

M. M. argues that the detective coerced his statement by promis-

---

[2] *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976).

[3] *Crawford v. State*, 240 Ga. 321, 323 (1) (240 SE2d 824) (1977); see *Massey v. State*, 243 Ga. 228 (1) (253 SE2d 196) (1979). The criteria established in *Riley* do not apply to an adult's confession. *Hance v. State*, 245 Ga. 856, 858 (2) (268 SE2d 339) (1980).

ing lenient treatment and no boot camp if he cooperated with the investigation.[4]

M. M. testified to facts which were the same or substantially the same as his extrajudicial statement, except he did not testify about the effort on Saturday. In consequence, any error in admission of the statement was harmless beyond a reasonable doubt in that there is not " 'a reasonable possibility that the evidence complained of might have contributed to the [adjudication of delinquency].' "[5] The court rejected M. M.'s statement and testimony that he was not in the victim's home on the date charged and testified to by the victim.

To the extent that M. M.'s testimony is incriminating (he did enter the house without permission, he did try to play a computer game, he did take some money, but all on a different day), the evidence demonstrates as it must that M. M.'s testimony was not impelled by the admission of the statement but rather was presented to counter the strong positive evidence of guilt given in testimony by the victim.[6]

2. There was no variance between the State's allegation and proof concerning the date of the commission of the offense. The State's evidence, presented by way of the victim's testimony, was that the burglary was committed on July 11, as alleged in the petition. A conflict in the evidence does not create a fatal variance unless the factfinder resolves the factual issue against the State. The court did not do so here.

3. "In juvenile proceedings, 'the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt. (OCGA § 15-11-33 (c)); (cits.)' [Cit.]"[7]

The measure for appellate evidentiary review is likewise.[8] " '[O]n appeal the evidence must be viewed in a light most favorable to the verdict [or adjudication] . . . ; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. (Cits.)' [Cit.] 'Conflicts in the testimony of the witnesses . . . [are] a matter of credibility for the [trier of fact] to resolve. (Cits.)' [Cit.]"[9] The evidence against M. M. was sufficient for

---

[4] As to questions concerning whether confessions are improperly induced by hope of benefit, compare *Johnson v. State*, 238 Ga. 27 (1) (230 SE2d 849) (1976), and *Askea v. State*, 153 Ga. App. 849, 851 (3) (267 SE2d 279) (1980), with *McKenzie v. State*, 187 Ga. App. 840, 843 (3) (371 SE2d 869) (1988); *Gadson v. State*, 197 Ga. App. 315 (1) (398 SE2d 409) (1990); *Lyles v. State*, 221 Ga. App. 560, 561 (1) (472 SE2d 132) (1996), and *In the Interest of J. L.*, 229 Ga. App. 447, 449 (2) (494 SE2d 274) (1997).

[5] *LaRue v. State*, 137 Ga. App. 762, 764 (2) (224 SE2d 837) (1976).

[6] Compare id. at 767; *Pruitt v. State*, 176 Ga. App. 317, 321 (3) (335 SE2d 724) (1985).

[7] *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256) (1991).

[8] See id.

[9] *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

a rational trier of fact to find him delinquent beyond a reasonable doubt for having committed the offense as charged.[10]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 4, 1998.

*William D. Patten, Jr.*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Mary Evans-Battle, Assistant District Attorneys*, for appellee.

---

[10] See *In the Interest of J. D. G.*, 207 Ga. App. 698, 700 (3) (429 SE2d 118) (1993).