3 P.3d 1004

**In re LOUISE C.**

**No. 1 CA–JV 98–0218.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 28, 1999.

*Id.*

Platt & Lee, P.C. by R. John Lee, St. Johns, for Appellant.

Stephen G. Udall, Apache County Attorney by Kymberley W. Moffett, St. Johns, for Appellee.

## OPINION

NOYES, Judge.

¶1 Louise C. ("Juvenile") was adjudicated delinquent for disorderly conduct based on an outburst in the assistant principal's office. Because the outburst involved neither "fighting words" nor "seriously disruptive behavior," we reverse.

¶2 Juvenile was called to her high school principal's office to discuss an ongoing dispute she was having with another student. The principal testified that Juvenile was "visibly distraught, visibly, meaning she was weeping." Juvenile thought that the other girl had cheated her out of some money. After a brief discussion with Juvenile, the principal took her to meet with the other student in the assistant principal's office. The only people present in this office were the principal, the assistant principal, and the two feuding students. The office door was closed. Juvenile became fidgety and uncommunicative when the assistant principal began to question her. After he asked Juvenile if she was planning to fight this other student, Juvenile "lashed out" at him. She said, "Fuck this. I don't have to take this shit." When Juvenile stood up and walked towards the door, the assistant principal asked her to stop. Juvenile then said, "Fuck you. I don't have to do what you tell me," and she opened the door and left the office, slamming the door behind her.

¶3 The outburst was not heard by anyone outside the office. The principal testified that he and his assistant were highly offended by Juvenile's words, but neither wanted to physically retaliate in any way. Juvenile was summarily suspended from school because of this outburst.

¶4 Based on this outburst, the State filed a delinquency petition alleging that Juvenile intentionally or knowingly disturbed the peace of the assistant principal by engaging in fighting, violent, or seriously disruptive behavior and by using abusive or offensive

language in a manner likely to provoke immediate physical retaliation in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 13–2904(A)(1) and (3) (Supp.1997), 8–201 (Supp.1997) and 8–241 (Supp.1997).[1]

¶ 5 The matter proceeded to a hearing, Juvenile was adjudicated delinquent, she was placed on probation for one year, and she appealed. This court has jurisdiction pursuant to A.R.S. section 8–236 (1999) and Rules 24 through 29, Arizona Rules of Procedure for the Juvenile Court.

¶ 6 The State argues that Juvenile violated section 13–2904(A)(3), which provides:

> A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
>
> . . . .
>
> 3. Uses abusive or offensive language or gestures to any person in a manner likely to provoke immediate physical retaliation by such person; . . . .

■■■ ¶ 7 Juvenile was prosecuted for her use of language. The right to free speech is protected by the First and Fourteenth Amendments to the United States Constitution. *See Chaplinsky v. New Hampshire,* 315 U.S. 568, 570–71, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). The right to free speech is not absolute, however, and " 'fighting' words— those by which their very utterance inflict injury or tend to incite an immediate breach of the peace" are not afforded constitutional protection. *Id.* at 571–72, 62 S.Ct. 766. Fighting words are those "inherently likely to provoke violent reaction" when addressed to the "ordinary citizen." *Cohen v. California,* 403 U.S. 15, 20, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). Accordingly, Arizona's disorderly conduct statute has been carefully "drawn . . . to include, as a violation, only those epithets amounting to 'fighting words.' " *State v. Brahy,* 22 Ariz.App. 524, 525, 529 P.2d 236, 237 (1974); *see also* A.R.S. § 13–2904(A)(3). In other words, "offensive language" is not disorderly conduct unless it amounts to "fighting words."

¶ 8 Juvenile's speech cannot reasonably be said to amount to "fighting words." The speech was not likely to provoke an ordinary citizen to a violent reaction, and it was less likely to provoke such a response from a school official, the alleged victim in this case. The language was offensive and unacceptable, but because it did not amount to "fighting words," it did not violate section 13–2904(A)(3).

■■■ ¶ 9 The State also argues that Juvenile's actions constituted "seriously disruptive behavior" within the meaning of section 13–2904(A)(1), which provides:

> A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
>
> 1. Engages in fighting, violent or seriously disruptive behavior; . . . .

¶ 10 In *In re D.A.D.,* 224 Ga.App. 527, 481 S.E.2d 262, 263–64 (1997), the court held that a juvenile was properly convicted of disorderly conduct for shouting obscenities and slapping a teacher during class and in front of several other students. In *M.C. v. State,* 695 So.2d 477, 479 (Fla.Dist.Ct.App.1997), a juvenile entered the school's office to protest her brother's arrest, "hurl[ed] obscenities" at the arresting officer, and "wav[ed] . . . her arms as if to encourage or incite the other students to join in the protest of her brother's arrest." That juvenile's actions "brought the school office's normal activities temporarily to a halt." *Id.* at 481. In *In re Julio L.,* 195 Ariz. 482, 990 P.2d 683 (App.1999), a juvenile accompanied his profanity with other classroom behavior that a majority of this court found to be "seriously disruptive." *Id.* at 483, ¶ 4, 484–485, ¶ 12, 990 P.2d at 684, ¶ 4, 685–686, ¶ 12. Here, however, Juvenile's language was not accompanied by anything that can reasonably be said to have been seriously disruptive of school activities. Her verbal outburst took place in a closed office, and it was not heard outside of the office.

¶ 11 Although we do not condone Juvenile's speech and conduct, we conclude that

---

1. These are the versions of the statutes in effect when Juvenile committed the alleged offense.

the State failed to prove its criminal charges. Because the evidence does not support a finding that Juvenile's speech and conduct amounted to either "fighting words" or "seriously disruptive behavior," the adjudication is reversed.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and JON W. THOMPSON, Judge.