682 S.E.2d 143 (2009)
In the Interest of D.W., a child.
No. A09A0232.
Court of Appeals of Georgia.
June 25, 2009.
Reconsideration Denied July 15, 2009.
*144 Bernadette C. Crucilla, Macon, for appellant.
Howard Z. Simms, Dust. Atty., Gerald L. Henderson, Asst. Dist. Atty., for appellee.
BARNES, Judge.
Following an adjudicatory hearing, D.W. was adjudicated delinquent for robbery by sudden snatching.[1] After the denial of his motion for new adjudicatory hearing, he appeals contending that the evidence was insufficient. Upon review, we affirm.
On appeal, we view the evidence from an adjudicatory hearing in the light most favorable to the prosecution to determine whether a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The evidence is examined under the standard of Jackson v. Virginia, [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ], ... with all reasonable inferences construed in favor of the juvenile court's findings.
(Citations omitted.) In the Interest of M.F., 276 Ga.App. 402, 402-403(1), 623 S.E.2d 234 (2005).
Viewed in that light, the record reflects that on Valentine's Day, the victim set up a roadside stand to sell gift baskets. Three young men, including D.W., approached her stand while she was helping another customer. The boys stood around for awhile and asked her about the baskets. The victim testified that she was concerned because the three stood around without buying anything. When questioned about school, the boys told her that they got out of school early that day. The three left without buying anything.
Sometime later, the victim left her daughter at the stand to go to the restroom. As she got out of her car, she saw that the three boys, including D.W., were back at the stand. As she got out of her car, the group grabbed baskets and ran. The victim could not tell if each of the boys had a basket, but she was positive that she saw D.W. with a basket. While the victim telephoned police, her daughter followed the group in her car. The daughter returned with two baskets. Police arrived at the scene within five minutes and after the victim described the group, left to search for the three boys. An officer brought one suspect back to the scene, but *145 the victim said that he was not one of the group. Shortly thereafter, another officer returned with two other suspects who fit the description, and the victim positively identified D.W. as one of the group who snatched the basket. D.W. testified that he met up with the other two boys after leaving the doctor's office and was walking with the two boys, but that he had no idea that they were going to snatch the baskets, and that he did not participate in the crime.
Although D.W. argues that the victim/witness was uncertain as to who actually snatched the baskets, this contention does not accurately reflect the victim's testimony during the hearing. The victim, in fact, testified that she was not certain which of the other two boys snatched a basket, but she was positive that D.W. snatched a basket. "Conflicts in the testimony of the witnesses are a matter of credibility for the trier of fact to resolve." (Punctuation and footnote omitted.) In the Interest of M.M., 235 Ga.App. 109, 111(3), 508 S.E.2d 484 (1998). The juvenile court was authorized to find the testimony of the victim more credible than that offered by D.W. and resolve any conflicts in the testimony accordingly.
Moreover,
[u]nder subparagraphs (3) and (4) of OCGA § 16-2-20(b), a person is a party to a crime if he intentionally aids or abets in the commission of the crime or intentionally advises or encourages another to commit the crime. If the individual is present and assists in the commission of the crime or shares in the criminal intent of the actual perpetrator of the crime, the individual may be convicted as a party to the crime. Criminal intent may be inferred from conduct before, during, and after the commission of the crime. Also, whether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct before, during, and after the crime.
(Citations, punctuation and footnotes omitted.) In the Interest of B.M., 289 Ga.App. 214, 215, 656 S.E.2d 855 (2008).
Therefore, we conclude the evidence was sufficient for a rational trier of fact to find D.W. delinquent beyond a reasonable doubt for having committed the offense as charged.
Judgment affirmed.
MILLER, C.J., and ANDREWS, P.J., concur.
NOTES
[1] Under OCGA § 16-8-40(a)(3), "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another ... [b]y sudden snatching."