NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DELINQUENCY OF B.B.

No. 1 CA-JV 24-0142

FILED 02-11-2025

---

Appeal from the Superior Court in Mohave County
No. S8015JV202400083
The Honorable Megan A. McCoy, Judge

**AFFIRMED IN PART; REVERSED IN PART**

---

COUNSEL

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Mohave County Public Defender's Office, Kingman
By Jacobo Chavez
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

---

**W E I N Z W E I G**, Judge:

¶1          B.B. ("Child") appeals the superior court's order adjudicating him (1) delinquent for disorderly conduct and (2) incorrigible for running away. We reverse the delinquency finding but affirm the incorrigibility finding.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Child and his mother ("Mother") verbally sparred on three occasions about Child doing his chores, during which Child yelled and cussed at Mother. Mother heard "loud punching noises" coming from Child's room after the first argument, so she called the police to calm him down. Mother told Child to stop and leave her alone during the third argument, but he continued yelling at her, so she called 911. The operator told her to wait outside for the police.

¶3          After the second and third arguments, Child ran away from home, but police found Child and returned him to Mother.

¶4          The State filed a delinquency petition, charging Child with two counts of disorderly conduct (class 1 misdemeanors) and two counts of runaway (an incorrigible offense). *See* A.R.S. §§ 13-2904(A)(1), 8-201(19)(c). Child did not appear for his trial, called an adjudication hearing. The juvenile court found for the State on all counts after hearing testimony from Mother and two police officers who had responded to Mother's calls. The court placed Child on probation for twelve months.

¶5          Child timely appeals and we have jurisdiction. A.R.S. §§ 8-235(A), 12-120.21(A)(1).

## DISCUSSION

¶6          Child claims there was insufficient evidence to sustain his adjudications. We will reverse for insufficient evidence only when the record, viewed in the light most favorable to sustaining the adjudication,

would not allow the court to find the essential elements of an offense beyond a reasonable doubt. *In re Dayvid S.*, 199 Ariz. 169, 170, ¶ 4 (App. 2000).

## I.     Disorderly Conduct.

**¶7**          Child was charged with disorderly conduct under A.R.S. § 13-2904(A)(1), which states:

> A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
>
> 1. Engages in fighting, violent or seriously disruptive behavior[.]

**¶8**          Under the statute, the State needs to show two elements: (1) the defendant engaged in "seriously disruptive behavior . . . of the same general nature as fighting or violence or conduct liable to provoke that response in others and thus to threaten the continuation of some event, function, or activity," causing (2) the victim's peace to be "indeed disturbed." *In re Julio L.*, 197 Ariz. 1, 3–4, ¶¶ 8, 11 (2000). The State established neither element here.

**¶9**          First, Child's conduct did not rise to the level of "seriously disruptive behavior." *See id.* at 2, 4–5, ¶¶ 3, 14 (holding that student did not engage in seriously disruptive behavior by repeatedly ignoring instructions, cussing at school principal and kicking a plastic chair "which tipped over but did not strike anyone"); *In re Louise C.*, 197 Ariz. 84, 85–88, ¶¶ 2–3, 9, 11 (App. 1999) (concluding that student's "outburst" involving swearing and slamming a door was not seriously disruptive behavior).

**¶10**          Second, the record does not prove Mother's peace was "indeed disturbed." *See Julio*, 197 Ariz. at 3, ¶ 8. The State emphasizes that Mother exited the home during the third fight and asks us to infer that she left because the 911 operator feared for her safety. But Mother testified under oath that she never feared for her own safety and was concerned only that Child might hurt himself or damage property. *See id.* at 4, ¶ 13 (holding the alleged victim who "was not assaulted, did not feel threatened, was not provoked to physically retaliate, and did not feel the need to protect herself" was not disturbed).

## II.    Runaway.

**¶11**        Child next argues the record contains no substantial evidence to support the runaway charges.

**¶12**        An "incorrigible offense" is defined as "an offense that can only be committed by a child under the age of 18, and which would not be a crime if committed by an adult; for example . . . running away." Ariz. Code of Jud. Admin. § 6-304(A). An "incorrigible child" is defined as a child who is "a runaway from the child's home or parent, guardian or custodian." A.R.S. § 8-201(19)(c). A peace officer may take a child into temporary custody if "there are reasonable grounds to believe that the child has run away from the child's parents[.]" A.R.S. § 8-303(C)(2).

**¶13**        The record has ample evidence to support the runaway findings. Mother testified that Child left the house twice after fights without her permission, and a police officer brought Child back each time. Child claims there was insufficient evidence to find him a runaway because "[he] has always been located, apprehended and returned either to his mother or to detention." But that argument concedes that he ran away.

## CONCLUSION

**¶14**        We affirm the juvenile court's adjudication on two counts of runaway, reverse the adjudication on two counts of disorderly conduct, and remand for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED:      JR