### 62057. McCOY v. THE STATE.

CARLEY, Judge.

Appellant and Larry Strickland were jointly indicted for burglary. At arraignment both men entered pleas of guilty and the state recommended the imposition of a sentence of ten years probation for each. However, after the trial court indicated that he would not accept the negotiated plea as to appellant, appellant was permitted to withdraw his guilty plea and enter a plea of not guilty. Co-indictee Strickland retained his plea and sentencing was deferred until some unspecified time in the future. While it is unclear from the record, apparently at some point after arraignment but prior to appellant's trial the state withdrew its recommendation of a probated sentence for Strickland. At trial of the instant case, Strickland testified for the state and implicated appellant in the burglary. From his conviction and sentence of fifteen years in prison, appellant appeals.

On appeal, appellant does not contend that the state failed to disclose any agreement or understanding between the state and Strickland. See *Dudley v. State,* 148 Ga. App. 560, 563 (5) (251 SE2d 815) (1978). Rather, it is urged that the state's action in withdrawing its recommendation as to Strickland was an intentional ploy to prevent appellant from attacking Strickland's credibility and from impeaching his testimony with evidence of the plea bargain.

First, the record before us is devoid of any evidence to support appellant's imputations of prosecutorial misconduct. " 'The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error.' [Cits.]" *Wyche v. State,* 147 Ga. App. 874 (250 SE2d 581) (1978). Secondly, the record reveals that appellant's counsel engaged in extensive cross-examination of Strickland as to his motives for testifying and inquired whether any considerations had been promised to him in return for his testimony, to which Strickland responded that the state's recommendation as to sentence had been withdrawn. Thus, the jury was aware that Strickland had turned state's evidence and was in a position to determine whether or not his testimony was credible. See *Morris v. State,* 228 Ga. 39, 42 (10) (184 SE2d 82) (1971); *Cauley v. State,* 130 Ga. App. 278, 296 (203 SE2d 239) (1973); *Barnwell v. State,* 127 Ga. App. 335, 336 (2) (193 SE2d

203) (1972). In addition, Strickland was thoroughly questioned as to his prior convictions.

On the record before us we find no denial of due process as alleged by appellant. Appellant was allowed a thorough and sifting cross-examination of Strickland and the issue of his credibility was squarely before the jury.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Gerald P. Word,* for appellant.

*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.