A93A1983. IN THE INTEREST OF J. K. D., a child.
(440 SE2d 524)

BEASLEY, Presiding Judge.

This is an appeal from a juvenile court order finding that appellant, a 15-year-old, committed the designated felony act of aggravated assault, OCGA § 15-11-37 (a) (2) (B), and is delinquent. The court imposed restrictive custody in accordance with OCGA § 15-11-35 (a) (4). Appellant contends that he was entitled to a favorable adjudication and challenges the sufficiency of the evidence to support the judgment.[1]

"In juvenile proceedings, 'the standard of proof on charges of a

---

[1] A motion for directed verdict, made by appellant in this case, is inappropriate when the court rather than a jury is the factfinder, because only a jury returns a verdict. *Lee v. State,* 201 Ga. App. 827 (1) (412 SE2d 563) (1991).

criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt. (OCGA § 15-11-33 (c)); (Cits.)' [Cit.]" *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256) (1991).

Viewing every presumption and inference in favor of the adjudication as we must, id., the evidence showed that appellant and two other youths were in a vehicle en route to a convenience store to purchase gas. The youths had divided among them the proceeds of the robbery of a shoe store earlier that day. The driver, W. J. T., "mentioned" robbing the convenience store. They pulled up to the gas pumps and appellant and W. J. T. entered the store. Appellant paid for the gas and both youths returned to the car.

About two minutes later W. J. T. re-entered the store alone, wearing his jacket hood pulled over his head. He picked up a package of candy and placed it on the counter. As the store manager rang up the purchase, W. J. T. announced that this was a stick-up and demanded that he open the cash drawer. The manager observed about one-and-one-half inches of the barrel of a gun which the youth had concealed under his jacket and was pointing at him. The manager grabbed for the gun and the perpetrator ran from the store, followed by the manager. He was unable to apprehend the youth, but observed him run to the car, which had been moved from the gas pump to a side street where it was not visible through the store window.

The manager returned to the store and telephoned the police. When asked whether he was afraid of the assailant, the manager testified: "No sir. I was mad. I wasn't afraid of anybody at that point." Although the weapon proved to be a toy gun, the victim was unaware of that fact at the time of the assault.

An off-duty deputy sheriff happened to be in the area of the side street where the car was parked. He observed W. J. T. exit the car, leaving the door open. His suspicions were aroused because the car was parked half on and half off the road facing oncoming traffic. He saw the youth place a black hood over his head and run around toward the front of the convenience store while reaching under his jacket as if for a weapon. Appellant and the other passenger remained in the car.

Shortly thereafter, the deputy observed W. J. T. running from the convenience store to the car. The deputy identified himself as a law enforcement officer and told W. J. T. to freeze, but he ignored the warning and got into the car and drove off. The deputy got into his truck and pursued the car, which apparently went off the road.

The deputy chased two of the occupants on foot. The third youth, D. M. F., surrendered. Police assistance arrived and searched the area for the other two youths. Appellant was located one street away from the disabled vehicle, attempting to hide under a motor

home. The officer drew his gun and told appellant to get on the ground, which appellant did. He was advised of his *Miranda* rights and asked where the gun was. He replied that he did not have it, that it belonged to the individual wearing the black jacket. Appellant stated, "I didn't know he was going to rob the store."

1. In enumerations of error one and two, appellant contends that the State failed to meet its burden of proving (1) that he committed an act which placed the alleged victim in reasonable apprehension of immediately receiving violent injury, and (2) that use of a toy gun constituted an assault which is likely to result in bodily injury.

The petition charged that appellant committed the delinquent act of aggravated assault in violation of OCGA § 16-5-21 (a) (1) (a designated felony under OCGA § 15-11-37), in that he made an assault upon the store manager with the intent to rob. Simple assault (OCGA § 16-5-20 (a) (2)) requires proof of an act which "places another in reasonable apprehension of immediately receiving a violent injury." On the other hand, aggravated assault "does not need the [commission of a simple assault] to make it complete." *Sutton v. State*, 245 Ga. 192, 193 (2) (264 SE2d 184) (1980). It is "the commission of assault with the intent to accomplish the more serious crime of . . . robbery. . . . No more need be alleged or proved." *Scroggins v. State*, 198 Ga. App. 29, 31 (1) (401 SE2d 13) (1990). Thus, the victim's lack of fear does not eviscerate the offense. Secondly, appellant was *not* charged with aggravated assault with a deadly weapon under OCGA § 16-5-21 (a) (2), so the fact that a toy gun was used is not fatal. The offense of aggravated assault with intent to rob under OCGA § 16-5-21 (a) (1) was complete when the perpetrator assaulted the victim and demanded his money. The elements of the charged offense were proven against appellant as a party to the crime.

2. Applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), there was sufficient evidence to find that appellant was delinquent by reason of his acts, which if committed by persons 17 years of age or older would constitute the crime of aggravated assault.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED JANUARY 31, 1994.

*McGarity Law Offices, Thomas D. Carr*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.