A96A2334. IN THE INTEREST OF S. S., a child.
(480 SE2d 327)

BLACKBURN, Judge.

The juvenile court adjudicated S. S. delinquent and ordered her committed to the care and supervision of the Department of Children & Youth Services after it found she committed acts which, had she been an adult, would have constituted the crimes of aggravated assault and possession of a weapon during the commission of a crime. In her only enumeration of error, S. S. claims the court's adjudication is based on insufficient evidence. On review, that evidence is examined under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the evidence and all reasonable inferences from the evidence are construed in favor of the juvenile court's findings. *In the Interest of J. K. D.*, 211 Ga. App. 776, 777 (440 SE2d 524) (1994).

The incident giving rise to this adjudication occurred in the midst of an argument involving many juveniles and some adults. The victim and three other witnesses testified that during the disagreement, S. S. attacked the victim with a steak knife and cut her around the face and neck. Under OCGA § 16-5-21 (a) (2), this act constitutes aggravated assault using a deadly weapon. One of the witnesses identified the knife as being approximately seven inches long. See OCGA § 16-11-106 (b) (1) (regarding use of a knife with blade in excess of three inches during commission of crime against another person).

Although S. S. claimed she acted in self-defense and denied she had a knife or caused the injuries to the victim, the evidence did not

demand a finding that S. S. acted in self-defense. In light of testimony that S. S. went into her house and returned to confront the victim, a rational trier of fact would be authorized to conclude from this conflicting evidence either that she was the aggressor, or that she stood her ground to engage in mutual combat. See OCGA § 16-3-21 (b) (3); *In the Interest of T. S.*, 211 Ga. App. 46, 47 (2) (438 SE2d 159) (1993) (finding defendant acted in mutual combat, not self-defense). Furthermore, there was evidence that S. S. had a knife and caused the victim's injuries. Sufficient evidence supports the juvenile court's findings, and this enumeration has no merit. See *T. S.*, supra; *J. K. D.*, supra at 778.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 21, 1997.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Jeffrey S. Hendrix*, Assistant District Attorney, for appellee.