A97A1686. IN THE INTEREST OF J. L., a child.
(494 SE2d 274)

BLACKBURN, Judge.
The juvenile court adjudicated J. L. delinquent for acts which if

---

committed by an adult would constitute arson, burglary, and reckless conduct. J. L. contends that the evidence adduced below was insufficient to sustain these findings because he was adjudicated based solely on the uncorroborated testimony of an accomplice. He also enumerates as error the admission of his custodial statement into evidence, claiming it was induced in hope of benefit. For the reasons set forth below, we affirm the adjudications of the juvenile court.

"On review, [the] evidence is examined under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the evidence and all reasonable inferences from the evidence are construed in favor of the juvenile court's findings." *In the Interest of S. S.*, 224 Ga. App. 301 (480 SE2d 327) (1997).

1. J. L. argues that the evidence was insufficient to sustain the adjudications. Specifically, he claims that there was no evidence to support the testimony of A. G., his co-defendant, in violation of OCGA § 24-4-8.

The facts show that a fire was set in a chicken coop and in an uninhabited house trailer on the same property in Dawson County which was entered without permission. Fire investigators determined that the burning in the trailer was accomplished by a blow-torch-type device consisting of a can of Lysol and a match. The trailer itself was not destroyed.

In the course of investigating these events, law enforcement personnel questioned a youth named A. G., who admitted setting some of the fires in the trailer and informed the investigating officer that J. L. had accompanied him into the trailer and, using a can of Lysol and a match, had set most of the fires in the trailer. A. G. was adjudicated on these offenses prior to J. L.'s adjudication, and he testified at J. L.'s hearing. J. L. did not testify in his own behalf. J. L. had told a police officer, during interrogation, however, that he had been in the trailer with A. G. and the officer so testified. Another friend of J. L.'s testified that J. L. had volunteered to him that he had started some fires in the subject chicken coop.

OCGA § 24-4-8 provides, in part, that in "felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient" to establish a fact, but that "corroborating circumstances may dispense with the necessity for the testimony of a second witness." This statute is applicable in juvenile cases. See *In the Interest of J. H. M.*, 202 Ga. App. 79, 80 (413 SE2d 515) (1991). J. L. contends that no such circumstances existed in this case. We disagree.

"[O]nly slight evidence of a defendant's identity and participation from an extraneous source is required to corroborate the accomplice's testimony and support the verdict." *Mosier v. State*, 223 Ga. App. 75 (476 SE2d 842) (1996). "[W]hether certain evidence amounts to 'corroboration' of guilt and whether that evidence independently

amounts to corroboration of guilt may be questions of law for the court." (Emphasis omitted.) *In the Interest of P. A. W.*, 224 Ga. App. 329, 331 (1) (480 SE2d 347) (1997).

Here, A. G.'s testimony is supported by J. L.'s statement to police that he had been in the trailer with A. G. and the testimony of J. L.'s friend that J. L. had volunteered to him that he had started some fires in the subject chicken coop. In addition, two investigators testified that when they entered the trailer on the night of the fires, it smelled like aerosol spray or cleaning solvent. A. G.'s statement that J. L.'s father had commented that both J. L. and A. G. smelled like smoke when they returned home on the night of the fires is hearsay and has no probative value. *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990). J. L.'s father did not testify.

The fact that J. L.'s mother testified that J. L. was with her on the evening of the trailer fires is of no consequence, as the trier of fact resolves all conflicts in the evidence. "Decisions as to the credibility of witnesses are in the province of the trial court; this Court determines only the sufficiency of the evidence." *In the Interest of D. L. S.*, 224 Ga. App. 660, 661 (482 SE2d 418) (1997). "[I]nsofar as the participation and identity of the accused [are] concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." (Punctuation omitted; emphasis in original.) *Searcy v. State*, 162 Ga. App. 695, 696 (1) (291 SE2d 557) (1982). The evidence here satisfies this standard. Accordingly, the holdings of the juvenile court must be affirmed.

The evidence was also sufficient under the standard of *Jackson v. Virginia*, supra, to sustain J. L.'s adjudication for reckless conduct, a misdemeanor under OCGA § 16-5-60 (b). A. G.'s testimony is sufficient to establish, beyond a reasonable doubt, that J. L. engaged in what would be reckless behavior if he were an adult, and that he endangered A. G. when he lit a match to a stream of Lysol, created a torch-like device, and then used that device to start fires. J. L.'s adjudication for reckless conduct is therefore affirmed.

2. J. L. contends his custodial statement, that he had been to the trailer with A. G., was inadmissible because it was induced in hope of benefit.

The record indicates that in the process of attempting to interview J. L., a sheriff's investigator informed J. L. and his mother that J. L. "needed to tell the truth because it would mean a lot in the end." J. L. then made his statement regarding having been in the trailer with A. G. The juvenile court determined that J. L. had made a knowing and voluntary waiver of his rights and had given a statement which was not induced in hope of benefit. In examining this finding, we apply the clearly erroneous standard of review. *Clay v. State*, 209 Ga. App. 266, 268 (1) (433 SE2d 377) (1993).

OCGA § 24-3-50 provides that in order for a confession to be admissible, "it must have been made voluntarily, without being induced by another by the slightest hope of benefit." J. L. argues that the statement by the officer that J. L. needed to tell the truth "because it would mean a lot in the end" implicitly suggested that special consideration, such as a benefit later in court, would be forthcoming if J. L. made a statement. We cannot agree.

J. L.'s statement was voluntarily made and was not induced in hope of benefit. "Encouraging a suspect to tell the truth does not constitute hope of benefit so as to render involuntary any statement made thereafter." *Henry v. State*, 265 Ga. 732, 736 (4) (c) (462 SE2d 737) (1995) (officer's encouraging defendant to tell the truth and stating that things will just "get worse if you lie" did not constitute hope of benefit). Furthermore, "[a] reward of lighter punishment is generally the 'hope of benefit' to which . . . OCGA § 24-3-50 refers." (Punctuation omitted.) *Peinado v. State*, 223 Ga. App. 271, 273 (1) (c) (477 SE2d 408) (1996). This argument is without merit, and the juvenile court's determination that J. L.'s statement was voluntarily made is not clearly erroneous.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 18, 1997.

*Summer & Summer, Chandelle T. Summer*, for appellant.

*Lydia J. Sartain, District Attorney, Tracy W. Loggins, Assistant District Attorney*, for appellee.