## A01A0484. ETHERIDGE v. THE STATE.
(547 SE2d 744)

MILLER, Judge.

Gerald Etheridge was tried before a jury and found guilty of aggravated assault and battery. On appeal he challenges the sufficiency of the evidence and enumerates the trial court's refusal to give his written request to charge on justification. We affirm.

1. On appeal from a criminal conviction,

the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence is sufficient under the

---

standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.[2]

Viewed to uphold the verdict, the evidence showed that on December 26, 1995, Etheridge and two companions drove to the home of Eddie Reed, where Terry Lowrance was staying and where 17-year-old Shane Dagnan was asleep on a couch. Etheridge asked Reed where Dagnan was, and Reed indicated the couch. Without provocation, the two men who accompanied Etheridge grabbed Dagnan, threw him to the floor and started kicking and beating on him. Etheridge then went in and "started helping with" the beating. Dagnan pleaded for the men to stop.

Dee Anna Brooks woke up her boyfriend Lowrance, who tried to pull the men off Dagnan. When one of the men started hitting Lowrance, he defended himself. Brooks saw the flash of a knife and cried out, but Etheridge had already stabbed Lowrance. Brooks saw Etheridge intentionally stick Lowrance and "just rip," producing a wide, gaping wound "approximately eight inches across." When Lowrance turned to get away, Etheridge cut him again, across the rib cage and back. Lowrance confirmed the blade Etheridge used was about three or four inches long. The two victims and Brooks each picked Etheridge out of a photographic lineup, indicating he was the one who cut Lowrance during the fight at Reed's house. Dagnan's face was badly bruised and his right eye swollen shut.

Etheridge admitted that he and Dagnan argued and that he hit the boy in the face with his fist three or four times, but blamed the knifing of Lowrance on the third companion, known only as Smiley.

(a) Etheridge's admission that, during an argument, he hit Dagnan in the face with his fist, coupled with proof that the boy's face and eye were swollen and bruised, is sufficient under the standard of *Jackson v. Virginia*[3] to authorize the jury's verdict that he is guilty, beyond a reasonable doubt, of battery by intentionally causing visible bodily harm as alleged in the indictment.[4]

(b) "The testimony of a single witness is generally sufficient to establish a fact."[5] Notwithstanding any claim of self-defense, the tes-

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Footnote omitted.) *Bartlett v. State*, 244 Ga. App. 49-50 (537 SE2d 362) (2000).

[3] Supra.

[4] OCGA § 16-5-23.1 (a); *Seritt v. State*, 237 Ga. App. 665, 668 (3) (b) (516 SE2d 366) (1999).

[5] OCGA § 24-4-8.

timony of Lowrance, corroborated by Brooks, that Etheridge stabbed Lowrance with a knife blade exceeding three inches is sufficient to authorize the jury's verdict that Etheridge is guilty, beyond a reasonable doubt, of the aggravated assault alleged in Count 1 of the indictment.[6]

2. The refusal to give written requests to charge on justification under OCGA § 16-3-20 and self-defense under OCGA § 16-3-21 is enumerated as error.

*Aggravated Assault on Lowrance.* An affirmative defense is one that admits the doing of the act charged but seeks to justify, excuse, or mitigate it.[7] Since Etheridge denied stabbing the victim, expressly blaming his companion Smiley, the charges were not authorized by the evidence, and so the trial court did not err in refusing to give these inapplicable requests.[8]

*Battery against Dagnan.* To be entitled to a charge on defense of self or others under OCGA § 16-3-21 (a), the accused must show he reasonably believed that the imminent use of unlawful force was about to be perpetrated against him or others.[9] Etheridge argues the charges were nevertheless authorized respecting the battery charge because there is evidence that he was not the aggressor "but was drawn into the brawl after it had begun." The sole record citation offered in support of this contention is to the testimony of Brooks who said Etheridge joined in the unprovoked beating of the sleeping Dagnan, who begged the men to stop. In our view, this evidence makes Etheridge an aggressor against Dagnan, even though he was not the first assailant, and so ineligible to claim self-defense.[10] This certainly is not evidence that Etheridge reasonably believed that force was necessary to defend himself or his companions from Dagnan's imminent use of unlawful force.[11] The trial court did not err in refusing the requested instructions on self-defense.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2001.

---

[6] OCGA § 16-5-21 (a) (2); *Roberts v. State*, 180 Ga. App. 646 (350 SE2d 39) (1986).

[7] *Hanifa v. State*, 269 Ga. 797, 806 (5) (505 SE2d 731) (1998).

[8] *McCranie v. State*, 172 Ga. App. 188, 189 (2) (322 SE2d 360) (1984). Accord *Heaton v. State*, 214 Ga. App. 460, 461 (5) (448 SE2d 49) (1994).

[9] *Alexis v. State*, 273 Ga. 423, 426 (4) (541 SE2d 636) (2001).

[10] OCGA § 16-3-21 (b) (3).

[11] See *Columbus v. State*, 270 Ga. 658, 662 (2) (d) (513 SE2d 498) (1999).

*Bennett & Hamilton, Lindsay H. Bennett III*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.