A02A1668. STOKES v. THE STATE.
-(575 SE2d 651)

PHIPPS, Judge.

Aladontrus Stokes was indicted for aggravated battery and rape. He was convicted of aggravated battery, but the jury was unable to reach a verdict on the rape charge and a mistrial was granted as to that count. On appeal, Stokes claims that the trial court erred by denying him his right to testify and his right to be present at critical stages of the trial. He also claims that the evidence was insufficient to support his conviction. We find that Stokes waived his right to testify as well as his right to be present during certain portions of the trial. We further find that the evidence was sufficient to support his aggravated battery conviction. Thus, we affirm.

On appeal from a criminal conviction, the evidence is reviewed in the light most favorable to the jury's verdict to determine whether it is sufficient under the standard of *Jackson v. Virginia*.[1] Viewed in that light, the evidence relevant to the aggravated battery charge showed that while Robbie Thompson was walking home from a friend's house on the morning of July 27, 1999, Stokes approached her and asked if she had a lighter and a crack pipe. Thompson had both and allowed Stokes to use them to smoke crack cocaine. Stokes repeatedly asked Thompson to share the cocaine, but she refused. When Thompson turned to leave, Stokes grabbed her clothes and they began struggling. During the struggle, Stokes threw Thompson to the ground several times and ultimately landed on her ankle and broke it. Thompson testified that her treating physicians put eight pins and a plate in her ankle and that she continues to experience pain from the injury.

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Etheridge v. State*, 249 Ga. App. 111 (1) (547 SE2d 744) (2001).

1. Stokes claims that he wanted to testify at trial but was not given the opportunity.

At the motion for new trial hearing, Stokes's trial counsel testified that she and Stokes had had several discussions about whether he should testify and that she had told him it was his decision to make. She had advised Stokes that she did not think it was a good idea for him to testify because his testimony was inconsistent and he did not come across as a believable witness. She testified that Stokes did not indicate to her during trial that he wanted to testify.

The record shows that prior to the charge conference, the trial court stated that Stokes's attorney did not plan to have Stokes testify. The record also shows that during the charge conference, the court stated that it would give the pattern charge on the defendant's failure to testify. At the close of evidence, the court stated, "I need to go over with Mr. Stokes his right to testify and so forth. And to the extent that he changes his mind about testifying, then I'll allow you to reopen your case and have him testify." There is no indication in the record that the court ever had such a discussion with Stokes.

Although "it would have been preferable for the trial court to make a record of [Stokes] being advised of his right to testify, it was not reversible error to fail to do so."[2] But even without any inquiry from the trial court about whether Stokes was waiving his right to testify, the record shows that Stokes was aware of his rights and decided not to testify.[3]

2. Stokes claims that, because of illness, he was absent from the courtroom during several critical portions of the trial and that he never waived his right to be present.

A defendant or his counsel may waive the defendant's right to be present.[4] "For there to be a waiver by defendant's counsel, the waiver must be made in the defendant's presence or with his express permission, or else the waiver must be subsequently acquiesced in by the defendant."[5]

The record shows that Stokes's right to be present during a portion of jury selection was waived by his counsel, with his permission. After jury selection, the defense asked the trial court to instruct the jury that Stokes was on certain medication that may make him tired and sick and that he may have to excuse himself for a period of time during the trial. Stokes told the court that he had discussed with his counsel the fact that there would be times during trial when he would not be present due to illness and that he agreed that the trial

[2] *Backey v. State*, 234 Ga. App. 265, 267 (5) (506 SE2d 435) (1998).
[3] See *Avila-Nunez v. State*, 237 Ga. App. 649, 651 (1) (b) (516 SE2d 335) (1999).
[4] *Brooks v. State*, 271 Ga. 456, 457 (2) (519 SE2d 907) (1999).
[5] Id.

could continue in his absence. After that discussion, Stokes's counsel waived his right to be present during a recharge to the jury and an *Allen* charge. Based on the record, we find that Stokes validly waived his right to be present during those portions of the trial about which he complains.

3. Stokes challenges the sufficiency of the evidence to support his conviction. He argues that the indictment does not allege malice as required by OCGA § 16-5-24 and that there is no evidence that he acted with malice.

"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another . . . by rendering a member of his or her body useless. . . ."[6] The indictment charged that Stokes "did maliciously cause bodily harm to Robbie Thompson by depriving [her] of the use of her ankle; [Stokes] having accomplished said act by struggling with and landing on the ankle of said Robbie Thompson." Stokes argues that the use of the word "struggle" leaves open the possibility that he acted in self-defense and makes the indictment deficient. We disagree. An indictment that states the offense in the same terms as the statute is sufficient.[7] The use of the word "struggle" merely adjusted the charge to the specific facts of the case.

Moreover, Thompson's testimony that Stokes caused her bodily harm by throwing her to the ground and rendering her ankle useless was sufficient to sustain Stokes's conviction.[8]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 19, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002 ▮

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[6] OCGA § 16-5-24.
[7] *Miller v. State*, 155 Ga. App. 54 (1) (270 SE2d 466) (1980).
[8] See *King v. State*, 255 Ga. App. 191 (564 SE2d 815) (2002).