A03A1164, A03A1165. THE STATE v. TATE; and vice versa.
(585 SE2d 224)

ELDRIDGE, Judge.

This State's appeal seeks review of an order of the Superior Court of Clarke County in which, based on the allegations of a special demurrer, the court quashed Count 2 of an indictment charging Robert J. Tate with aggravated assault. Tate's cross-appeal seeks review of the same superior court order in which the court denied Tate's demurrer to Counts 1 and 7 of the indictment, charging him, respectively, with battery under the Family Violence Act and terroristic threats. We find as follows.

### Case No. A03A1164

1. Count 2 of the indictment charges Tate with the aggravated assault of his wife and alleges that Tate,

> did unlawfully make an assault upon the person of [his spouse] with his hands, objects which, when used offensively against a person, are likely to result in serious bodily injury, by choking her.

The trial court found that such allegation was subject to demurrer because: (a) contrary to the holding in *Smith v. Hardrick*,[1] the indictment does not allege that Tate's hands were used as a "deadly weapon"; and (b) the indictment fails to allege the nature of the simple assault on the victim pursuant to OCGA § 16-5-20 (a), i.e., whether Tate was attempting to commit a violent injury to the victim or committing an act which placed the victim in reasonable apprehension of receiving a violent injury. We find that these reasons provide no basis for quashing the aggravated assault count of the indictment.

(a) The indictment alleges that Tate committed aggravated assault with his hands, "objects which, when used offensively against a person, are likely to result in serious bodily injury." This allegation is sufficient to withstand demurrer.[2] Contrary to the trial court's

---

[1] 266 Ga. 54, 55 (2) (464 SE2d 198) (1995).
[2] *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002).

determination, it was unnecessary to charge that Tate's hands were "deadly weapons";

> [t]he specific reference to "deadly weapon" in *Smith v. Hardrick*[, supra,] must be seen as a general reference to the aggravating circumstance in OCGA § 16-5-21 (a) (2) which also includes "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." As the Court of Appeals noted in *Gafford v. State*,[3] where the indictment alleges the defendant struck the victim "with his hands and feet, which, when used offensively against a person, are likely to result in serious bodily injury it is unnecessary that the indictment further alleges that defendant used his hands and feet as deadly weapons in that subsection (a) (2) of OCGA § 16-5-21 is expressed in the disjunctive." Since the aggravated assault count in the indictment in this case alleged that the . . . hands with which [the victim] was struck were "likely to cause serious bodily injury when used offensively against a person," the indictment sufficiently charged [Tate] with aggravated assault.[4]

(b) An indictment charging a defendant in the statutory language of aggravated assault, OCGA § 16-5-21 (a) (2), does not need to additionally charge in the language of simple assault, OCGA § 16-5-20, in order to withstand demurrer.

> [A]ggravated assault does not need the commission of a simple assault to make it complete. It is the commission of assault with the intent to accomplish the more serious crime of [using a deadly weapon or offensive object likely to inflict serious injury]. No more need be alleged or proved.[5]

In this case, the aggravated assault count of the indictment tracks the language of the statute;[6] it contains the elements of the charged offense and sufficiently apprises Tate of what he must be prepared to meet.[7]

---

[3] 240 Ga. App. 251 (1) (523 SE2d 336) (1999).

[4] (Citations, punctuation and footnotes omitted.) *Pye v. State*, 274 Ga. 839, 841 (4) (561 SE2d 109) (2002).

[5] (Citations and punctuation omitted.) *In the Interest of J. K. D.*, 211 Ga. App. 776, 778 (1) (440 SE2d 524) (1994). See also *White v. State*, 267 Ga. 523, 524 (5) (481 SE2d 804) (1997); *Sutton v. State*, 245 Ga. 192, 193 (2) (264 SE2d 184) (1980); *Spaulding v. State*, 185 Ga. App. 812, 813 (2) (366 SE2d 174) (1988).

[6] *Griffin v. State*, 241 Ga. App. 783, 786 (6) (527 SE2d 577) (1999).

[7] *Rushin v. State*, 180 Ga. App. 276 (1) (348 SE2d 910) (1986).

For the reasons stated above, we find that the trial court erred in quashing Count 2 of the indictment charging Tate with aggravated assault. Accordingly, we reverse in Case No. A03A1164.

### Case No. A03A1165

2. Tate claims error in the trial court's denial of his special demurrer to Counts 1 and 7 of the indictment, charging him with battery under the Family Violence Act and terroristic threats, respectively.

> The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offen[s]e, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[8]

(a) Tate contends that the allegations of Count 1, misdemeanor battery, are too "vague, uncertain and unclear" to withstand demurrer. We disagree.

Our battery statute, OCGA § 16-5-23.1 (a), states in pertinent part that "[a] person commits the offense of battery when he or she intentionally causes . . . visible bodily harm to another." Count 1 of the indictment alleges that, on a date specific, Tate "did intentionally cause [the victim], his spouse, visible bodily harm, by striking her." A simple test of the validity of this count is whether Tate can admit all the allegations of the accusation and be innocent of having committed an offense.[9] Under this test, Count 1 of the indictment passes muster.

Contrary to Tate's assertions, the specific "visible bodily harm" does not have to be alleged.[10] Unlike the sexual battery case relied upon by Tate for this proposition, D'Auria v. State,[11] the State is not limited by a statutory definition of either the prohibited act or resulting harm.[12] Under the offense of battery as indicted, the issues are

---

[8] (Citation and punctuation omitted.) Williams v. State, 165 Ga. App. 69, 71 (4) (299 SE2d 402) (1983); accord Wade v. State, 223 Ga. App. 222, 223-224 (477 SE2d 328) (1996).

[9] Brooks v. State, 141 Ga. App. 725 (1) (234 SE2d 541) (1977).

[10] See, e.g., Etheridge v. State, 249 Ga. App. 111, 112 (1) (a) (547 SE2d 744) (2001).

[11] 270 Ga. 499 (512 SE2d 266) (1999).

[12] See, e.g., Braley v. State, 276 Ga. 47, 49 (572 SE2d 583) (2002) (statute defining the offense of kidnapping with bodily injury, OCGA § 16-5-40, contains no definition of "bodily injury," because "bodily injury" is a term that is commonly understood).

whether Tate struck his wife and whether such action resulted in harm to her body that was visible to another.[13] The State must prove the causal connection between the striking alleged in the indictment and the visible harm. "Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct."[14] We deem Count 1 of the indictment "sufficiently technical and correct."[15]

(b) Tate contends that the allegation of terroristic threats contained in Count 7 of the indictment was subject to special demurrer because the allegation fails to assert the specific threat alleged to have been made by him. We do not agree.

As it applies to this case, "[a] person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another."[16] Count 7 of the indictment alleges that Tate, on a date specific, "did threaten to commit a crime of violence, to wit: murder, with the purpose of terrorizing [the victim]." This is sufficient to withstand a special demurrer.[17] We reject Tate's assertion that the term, "murder," is too "generic" to put him on notice of the specific threat he allegedly made. Reading the accusation in Count 7 as a whole, it clearly asserts that Tate threatened to take the victim's life with the intent of terrorizing her.[18] His assertion by brief that he "has no knowledge of the alleged threat" does not negate the validity of the accusation that he allegedly threatened to kill the victim with the requisite intent.

*Judgment reversed in Case No. A03A1164. Judgment affirmed in Case No. A03A1165. Johnson, P. J., and Mikell, J., concur.*

---

[13] OCGA § 16-5-23.1 (b); *Meja v. State*, 232 Ga. App. 548, 549 (1) (502 SE2d 484) (1998).

[14] OCGA § 17-7-71 (c).

[15] By brief, Tate appears to argue that a different standard for analyzing the merits of his demurrer should be used because he filed a "special" demurrer as opposed to a "general" demurrer. We agree that there are differences between the two, both as to purpose (special goes to form/content and general to substance/validity), as well as filing times (special must be pled pre-trial and general may be filed at any time). *Brown v. State*, 181 Ga. App. 865 (354 SE2d 169) (1987). However, "[i]t is useful to remember that the purpose of the indictment is to allow defendant to prepare his defense intelligently and to protect him from double jeopardy." *State v. Eubanks*, 239 Ga. 483, 484-485 (238 SE2d 38) (1977). In the absence of any specific complaint as to form and in light of Tate's generalized assertions that "more facts are needed," this Court's review of the sufficiency of the indictment challenged by a special demurrer does not require an analysis that differs from that employed for a general demurrer, i.e., whether all of the elements of the offense are alleged with facts sufficient to inform a defendant of what he must meet and to ensure a bar to any future prosecution of the defendant for the same offense. Id.

[16] OCGA § 16-11-37 (a).

[17] *Lanthrip v. State*, 235 Ga. 10, 12-13 (218 SE2d 771) (1975).

[18] Id.

DECIDED JULY 14, 2003.

Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Edward H. Brumby, Jr., Assistant District Attorneys, for appellant.
Eberhardt & Hale, M. Eric Eberhardt, for appellee.