A04A2172. DEBAEKE v. THE STATE.
(605 SE2d 882)

JOHNSON, Presiding Judge.

A jury found Michael Debaeke guilty of trafficking in methamphetamine, possession of methamphetamine with intent to distribute, possession of cocaine with intent to distribute, felony possession of marijuana, and misdemeanor obstruction of justice. Debaeke appeals, contending his trial counsel was ineffective. We find no error in the trial court's order denying Debaeke's motion for a new trial on the ground of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[1] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether

---

[5] *Mathis v. State*, 175 Ga. App. 127 (2) (333 SE2d 10) (1985).
[1] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[2] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[3] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[4]

1. Debaeke argues on appeal that his trial counsel was ineffective for (1) failing to adequately prepare and investigate the case and (2) failing to object to the trial court's refusal to give him full credit for his time in custody awaiting trial. However, the record shows that these issues were not raised in Debaeke's motion for new trial, not specifically argued at the motion for new trial hearing, and not addressed in the trial court's order denying Debaeke's motion for new trial. "Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived."[5] By not specifically raising these grounds of ineffective assistance of counsel and allowing the trial court to rule on these grounds, Debaeke has waived these issues on appeal.

2. The first contention of ineffectiveness properly preserved for appeal is that trial counsel's performance was deficient in "not allowing" Debaeke to testify at trial. At the hearing before the trial court regarding ineffective assistance, Debaeke testified that during his trial, he and his trial counsel discussed the issue of his testifying on about four occasions. Debaeke recalled that his trial counsel advised against him testifying because trial counsel did not feel that Debaeke would hold up well on cross-examination. Trial counsel testified that in his 25 years of experience and several hundred jury trials, "[i]t's my custom and practice in any case to discuss that issue with the defendant, giving my reasons why they should or shouldn't and leave it up to them." When asked if he would refuse to let a defendant testify who insisted he wanted to testify, trial counsel responded, "No. If they want to testify, I would certainly afford them that liberty."

In addition, the fact that Debaeke was not going to testify was discussed on the record outside the presence of the jury. After the state rested its case, trial counsel stated that the defense would rest when the jury came back. During the charge conference, in Debaeke's

---

[2] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[3] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[4] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

[5] *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003); *Frazier v. State*, 267 Ga. App. 682, 684 (2) (601 SE2d 145) (2004).

presence, trial counsel reiterated that the defense would not be putting up any evidence and specifically requested a charge on the defendant's failure to testify. When the jury returned, the trial court informed the jury that Debaeke

> is under no burden of proof whatsoever and he is not required to produce any evidence, much less evidence tending to prove himself innocent. He is not required to do that, he is not required to present any evidence and carries no burden of proof whatsoever. However, Mr. Debaeke can choose to present evidence if he wants to present evidence or has any to present.

The trial court then asked trial counsel if Debaeke would be presenting evidence, and trial counsel responded, "No, Judge. As the Court has told the jury, given the presumption of innocence the defense would rest." While the record contains no discussion of Debaeke's constitutional right to choose whether or not to testify, each of these references to Debaeke electing not to testify were made in Debaeke's presence, outside the presence of the jury, and would have been perfect opportunities for Debaeke to speak up and demand his right to testify.

Although it would have been preferable for the trial court to make a record of Debaeke being advised of his right to testify, it is not reversible error to fail to do so since the record shows that Debaeke was aware of his right and decided not to testify.[6] Debaeke was made aware of his right through consultation with trial counsel. And, the trial court was certainly entitled to believe trial counsel's testimony that if Debaeke had declined to follow his advice and insisted on testifying, trial counsel would not have prevented him from testifying.[7] Debaeke has failed to satisfy the first prong of the *Strickland* test, since he has not shown that his trial counsel's performance was deficient with respect to Debaeke's choice to exercise his constitutional right not to testify.

3. The second claim for ineffectiveness properly preserved for appeal was that trial counsel failed to pursue recusal of the prosecutor. Debaeke testified at the motion for new trial hearing that the assistant district attorney who prosecuted and tried the case was his probation officer for a former misdemeanor offense of public drunkenness. Debaeke argues that he told his trial counsel a number of

    [6] See *Stokes v. State*, 258 Ga. App. 840, 841 (1) (575 SE2d 651) (2002).
    [7] See *Coggins v. State*, 275 Ga. 479, 482 (3) (569 SE2d 505) (2002); *Dye v. State*, 266 Ga. App. 825, 830 (2) (d) (598 SE2d 95) (2004).

times that he wanted the prosecutor recused because of their prior relationship. However, trial counsel never made a motion to recuse the prosecutor.

Initially we note that Debaeke has failed to cite to any Georgia State Bar Rule or any other authority supporting his position that it was a conflict of interest for the prosecutor to handle this case. Similarly, Debaeke has failed to cite any authority showing that a motion to recuse would have been supported by legal authority or would have had any likelihood of success. The failure to argue a meritless motion cannot be the basis for ineffective assistance of counsel.[8]

In order to prevail on an ineffective assistance claim based on an alleged conflict of interest, a defendant must show that an actual conflict of interest arose.[9] A mere possibility of a conflict is insufficient to impugn a criminal conviction on grounds of ineffective assistance where the conviction is amply supported by competent evidence.[10] The conflict may not be theoretical or speculative, but must have some substantial basis in fact.[11] Here, the record is devoid of any evidence showing a substantial basis for the motion to recuse.

Moreover, even if trial counsel was ineffective for failing to move to recuse the prosecutor, we are unable to discern harm to Debaeke.[12] Debaeke has failed to cite anything in the record that came up at trial as a result of the prosecutor's past supervision of Debaeke. Nor has Debaeke provided any evidence as to how the prosecutor's earlier service as Debaeke's probation officer operated to actually prejudice Debaeke during the trial of the case, or how the outcome of his trial would have been different had a different assistant district attorney tried the case. The trial court did not err in finding that counsel provided effective assistance and in denying Debaeke's motion for new trial on this ground.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 22, 2004.

*Summer & Summer, Daniel A. Summer, for appellant.*

---

[8] See *Johnson v. State*, 260 Ga. App. 413, 419 (3) (b) (579 SE2d 809) (2003); *Landers v. State*, 255 Ga. App. 410, 412 (3) (565 SE2d 585) (2002).

[9] See *Barnes v. State*, 160 Ga. App. 232 (286 SE2d 519) (1981).

[10] See *Capers v. State*, 220 Ga. App. 869, 873-874 (2) (470 SE2d 887) (1996).

[11] See *Acierno v. State*, 176 Ga. App. 600, 601-602 (3) (337 SE2d 39) (1985).

[12] See *Gillman v. State*, 239 Ga. App. 880, 883 (2) (b) (522 SE2d 284) (1999).

*Jason J. Deal, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.