## A05A1653. HERNANDEZ v. THE STATE.
### (622 SE2d 594)

MIKELL, Judge.

A 20-count indictment against Aurelio Hernandez charged him with the following offenses: Counts 1 through 7 — child molestation; Counts 8 through 14 — incest; Count 15 — interstate interference with custody; and Counts 16 through 20 — statutory rape. All counts except Count 15 named the same victim, and that count named her parents as victims of that particular offense. On January 9, 2001, Hernandez entered a guilty plea to the one count of interstate interference with custody and to five counts of statutory rape. In connection with the negotiated plea, the state agreed to request a nolle prosequi order on the remaining child molestation and incest counts (Counts 1 through 14). After determining that Hernandez's plea was knowingly and voluntarily made, the trial court accepted it. Hernandez was sentenced to ten years, with eight to be served in confinement and the balance on probation. He subsequently filed a pro se motion to vacate unauthorized sentences, which the court denied. It is from the denial of that motion that he now appeals, acting pro se. We affirm.

In three related errors, Hernandez argues that the trial court erred in accepting his guilty plea. He contends that the state could not convict him of the statutory rape counts and enter a nolle prosequi on the child molestation and incest counts, because all of the charges stemmed from the same transactions or occurrences. This argument is patently without merit. As the trial court noted in its order denying the motion to vacate the sentence, in connection with his negotiated guilty plea, Hernandez was convicted only of statutory rape and interstate interference with custody. Under OCGA § 16-1-3 (4) a " '[c]onviction' [is defined as including] a final judgment of conviction entered upon . . . a plea of guilty." There is nothing in the record to substantiate Hernandez's contention that he was somehow improperly convicted of lesser included crimes based on the same conduct, when he had no other convictions in this matter. See OCGA § 16-1-7 (a) (1).[1]

---

[1] That statute provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other."

To the extent that Hernandez raises claims of ineffective assistance of counsel and prosecutorial misconduct based on the above argument, such claims are likewise unsupported by the record and without merit. See generally *Debaeke v. State*, 270 Ga. App. 169-170 (605 SE2d 882) (2004) (appellant must show deficient performance and prejudice to prevail on ineffective assistance of counsel claim); *Umbehaum v. State*, 251 Ga. App. 471, 474 (4) (554 SE2d 608) (2001) (prosecutorial misconduct must be shown by record); *McCoy v. State*, 159 Ga. App. 648 (284 SE2d 664) (1981). Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2005.

Aurelio Hernandez, *pro se*.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.