## 58071. ROBINSON v. THE STATE.

BIRDSONG, Judge.

Defendant was indicted for motor vehicle theft and convicted. He appeals contending that the trial court erred in denying his motion for judgment of acquittal notwithstanding the verdict of guilty based upon a fatal variance between the allegata and probata. While we do not agree that Robinson was entitled to a motion for a directed verdict of acquittal, we agree that there was prejudicial error in the charge of the trial court which necessitates reversal of the judgment and sentence. The indictment in pertinent part charged that defendant "did unlawfully then and there *take* and carry away a certain motor vehicle to-wit: One 1978 Ford Ranger truck, property of Kenneth English. . ." The state's evidence shows that on the date of the alleged theft, March 28, 1978, defendant asked to borrow the victim English's truck as defendant was ill and wanted to see a doctor. English agreed but directed defendant to return it in an hour. After the lapse of several hours, defendant had not returned the truck. English reported to the police that his truck had been stolen. Several days later defendant was arrested in this truck in Milledgeville, Georgia, which is a great distance from Whitfield County where English gave defendant permission to use his truck. Defendant testified in his own behalf that English had given unlimited permission to use the truck.

Motor vehicle theft is subject to Code § 26-1802 which defines all thefts by taking. *Martin v. State,* 143 Ga. App. 875 (240 SE2d 231). This Code section ". . . delineates two separate, and alternative, types of theft under subsection (a). Under subsection (a), a person 'commits theft by taking [1] when he unlawfully takes or, [2] being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is [1] taken or [2] appropriated.' This subsection clearly defines two separate and alternative methods of committing 'theft by taking'; (1) where the original taking of the property is unlawful and the taker possesses the requisite animus furandi, *or* (2) if the taker is in lawful

possession of the property, he unlawfully appropriates the owner's property to his own use, and possesses the requisite intent." *Walker v. State,* 146 Ga. App. 237, 239 (246 SE2d 206). Depending on whether the jury believed appellant had a lawful or unlawful intent at the time he obtained possession of the motor vehicle, the evidence here would authorize a conviction based on either a theft by taking and carrying away or a theft by unlawfully appropriating property which had been lawfully obtained. See *Martin v. State,* 123 Ga. 478, 479 (51 SE 334); *Johnson v. State,* 27 Ga. App. 635 (1) (109 SE 535). The court in its charge authorized a finding of guilty if the jury found a theft by either method of accomplishment. The indictment here however charged defendant with the first method of theft by taking, i. e., that the original taking of the truck was unlawful. We are unable to foreclose the possibility of a fatal variance from the indictment under our holding in *Walker v. State,* supra, because the jury could have convicted appellant of a crime not charged, inasmuch as the charge of the court authorized a conviction of theft by unlawful conversion (a crime not charged but supported by the evidence). It was error for the trial court in its charge to authorize a conviction of an unlawful taking based upon evidence which also showed unlawful conversion. *Walker v. State,* supra.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 9, 1979 — DECIDED NOVEMBER 14, 1979.

*M. Gene Gouge, Dianne Cook,* for appellant.
*Charles A. Pannell, Jr., District Attorney, Roland R. Castellanos, Assistant District Attorney,* for appellee.