## 64809. SMITH v. THE STATE.

DEEN, Presiding Judge.

Andre E. Smith appeals from his conviction of armed robbery.

1. The general grounds are without merit. The robbery victim testified that she was robbed by three men, that the defendant was one of her robbers and did not wear a face-covering at the time of the robbery, and that shortly after the robbery she selected the photographs of her robbers (including the defendant's) from a photographic line-up provided by the arresting officer. We, therefore, find that there was ample evidence from which a rational trier of fact could find that the defendant was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

2. Smith also asserts as error the trial court's charge on flight and similar acts, contending that there was no evidence to support the charge. We agree that the trial court erred in giving such a charge because there was no evidence of flight or similar acts. The robbery occurred in April of 1981, two other men were arrested in May and he was arrested in November. He testified that he shared an apartment at Techwood and often stayed with a friend who lived in Harris Homes in West End. As to similar acts, he was merely asked if he was aware his two friends "rob people pretty frequently." While the giving of this charge was error, we do not believe it was prejudicial. In *Johnson v. State,* 238 Ga. 59, 60 (230 SE2d 869) (1976), the court notes "a distinction is made between the test for determining harmless constitutional error and harmless nonconstitutional error. The former is set forth in the decisions of the Supreme Court of the United States. See Schneble v. Florida, 405 U. S. 427 (1972). The latter is a question for each state ... The standard we adopt is what is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' Traynor, What Makes Error Harmless, The Riddle of Harmless Error. (1970)." This test enables a judge to exercise his discretion in examining "what causal links there may be between error and the judgment." Id. at 61.

Applying the foregoing rule, it is highly unlikely that the erroneous charge had any effect upon the jury's verdict as the evidence against the defendant was substantial and the only evidence in favor of the defendant was his unsubstantiated alibi testimony that he was somewhere else at the time the crime was committed.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 22, 1982 —
REHEARING DENIED DECEMBER 7, 1981 —

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry Baxter, Assistant District Attorneys,* for appellee.