## 70186. MILLER v. THE STATE.
### (331 SE2d 616)

BANKE, Chief Judge.

The appellant, Travis Miller, and his brother, Timothy, were separately tried for kidnapping, armed robbery, aggravated assault, and theft of a motor vehicle. Travis was acquitted of the kidnapping and armed robbery charges but found guilty of aggravated assault and motor vehicle theft. His brother was found guilty of all four offenses, although one of these convictions (for kidnapping) was set aside on appeal based on improper venue. See *Miller v. State,* 174 Ga. App. 42 (329 SE2d 252) (1985). The appellant filed this appeal from the denial of his motion for new trial.

The facts are set forth in this court's opinion in *Miller v. State,* supra. Essentially, the state's evidence showed that as the victim was about to drive his van away from a night club parking lot in the company of the two Miller brothers, he was hit from behind on the head and dragged to the back of the van, where several beatings were administered to him as the van was driven along some back roads. He was ultimately dumped from the vehicle near a state welcome center located on I-75 in Catoosa County, Georgia, just inside the Tennessee line. The van was recovered from the appellant's possession by police the following morning. Inside were found a boat paddle, a jack handle, and several metal arrows, all of which were stained with blood. In addition to other injuries, the victim had several puncture-type wounds on his body which had evidently been made by a sharp object. *Held:*

1. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of both aggravated assault and motor vehicle theft. See generally *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). Venue over these offenses was shown to be in Catoosa County pursuant to OCGA §§ 16-

8-11 and 17-2-2. Accord *Miller v. State*, supra, at Division 2. See generally *Bundren v. State*, 247 Ga. 180 (1) (274 SE2d 455) (1981).

2. The trial judge erred in charging the jury that they were required to believe the testimony of any witness who was uncontradicted and that if they should disbelieve a portion of a witness' testimony, that witness' entire testimony should be disregarded except to the extent it was corroborated by other credible evidence. The jurors are in fact entitled to believe or disbelieve all or any part of the testimony of any witness; and, being the exclusive judges of the credibility of the witnesses, they may accept whatever evidence they deem most reasonable and credible. See suggested Pattern Jury Instructions for Criminal Cases, Council of Superior Court Judges. Accord *Campbell v. State*, 237 Ga. 76, 77-80 (226 SE2d 601) (1976) (concurring opinion of Justice Hill). However, in light of the obvious strength of the evidence against the appellant, we conclude that the error was rendered harmless by the court's subsequent instruction to the jurors that they were the exclusive judges of the credibility of the witnesses, i.e., it is "highly probable" that the error did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. Although the indictment alleged that the appellant had committed aggravated assault by the use of "a certain arrow, a deadly weapon in the way and manner used," the judge charged that a person commits aggravated assault when he assaults either "with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Although this is a correct statement of law (see OCGA § 16-5-21 (a) (2)), the appellant contends the charge improperly allowed the jury to find him guilty of the commission of the offense in a manner not charged in the indictment. We disagree. The question of whether the arrow constituted a deadly weapon as opposed merely to an instrument likely to inflict serious bodily injury had nothing to do with the manner in which the crime was committed. Consequently, the charge cannot reasonably be deemed to have presented the jury with an alternative basis for finding the appellant guilty of aggravated assault not charged in the indictment. Compare *Robinson v. State*, 152 Ga. App. 296 (262 SE2d 577) (1979); *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978). This enumeration of error is accordingly without merit.

4. The trial judge did err, however, by instructing the jury during the course of the charge on aggravated assault that it was their duty to determine "whether the arrow, boat paddle or jack was a deadly weapon or not." Although the boat paddle and the jack were referred to in the armed robbery indictment, which alleged the use of all three instruments as offensive weapons, they were not, as previously indicated, referred to in the aggravated assault indictment. However, in

view of the strong evidence of guilt and the fact that the indictments were sent out with the jury, we hold that this error was cured by the court's subsequent instruction that a conviction would be authorized only if the jury believed beyond a reasonable doubt that the appellant "did commit the offense charged in the bill of indictment, and in the way and manner therein alleged . . ." Accord *Jones v. State*, 154 Ga. App. 806, 808 (5) (270 SE2d 201) (1980); *Smith v. State*, 164 Ga. App. 704 (2) (297 SE2d 490) (1982). See generally *Johnson v. State*, supra.

5. The court did not err in refusing to give the appellant's requested charge on accident as a defense to the aggravated assault charge. There was no evidence to indicate that any of the appellant's actions with respect to the victim were the result of an accident or a misapprehension of fact (see generally OCGA § 16-2-2; *Sampson v. State*, 165 Ga. App. 833 (4) (303 SE2d 77) (1983)); and the charge on criminal intent adequately covered the possibility that the victim might have inadvertently come into contact with the arrows while he and his assailants struggled in the back of the van. We note that the appellant also requested an instruction on justification as a defense to the aggravated assault charge and that this defense is clearly inconsistent with that of accident. See *Fields v. State*, 167 Ga. App. 816 (3), 818 (307 SE2d 712) (1983).

6. The appellant contends the court erred in refusing to charge on justification as a defense to the motor vehicle theft charge. The court's charge on justification did not apply to any specific offense but was a full and complete charge on the defense of justification in general. In any event, the evidence did not require a charge on justification insofar as the motor vehicle theft charge was concerned. We reject the appellant's contention that evidence of justification was provided by his testimony that he drove the van away from the welcome center after the victim got out because he was afraid the victim might return with a weapon, by his testimony that he had intended to leave the vehicle at the bar where he and his brother had met the victim the previous night, and by police testimony showing that his arrest had in fact occurred very close to the location of that bar. While this evidence may, perhaps, be considered exculpatory, it did not warrant a separate instruction on justification as a defense to the charge of motor vehicle theft. Rather, it went to the question of whether the appellant appropriated the van with criminal intention of depriving the victim of his property. See generally OCGA § 16-8-2. The court's charge on the elements of the offense of theft and on criminal intent in general adequately covered this so-called "defense."

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

706

*Christopher A. Townley*, for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney*, for appellee.