521 S.E.2d 851 (1999)
239 Ga. App. 710
KNIGHT
v.
The STATE.
No. A99A0989.
Court of Appeals of Georgia.
August 27, 1999.
*852 Hyrum O. Pierce, for appellant.
Richard R. Read, District Attorney, Nancy N. Bills, Assistant District Attorney, for appellee.
McMURRAY, Presiding Judge.
Defendant was tried before a jury and found guilty of two counts of aggravated child molestation and five counts of child molestation for sexual acts directed at N.N., defendant's nine-year-old stepdaughter. Viewed in the light most favorable to the jury's verdicts, the evidence at trial revealed the following:
On May 15, 1996, N.N. told her mother that, two weeks before, defendant pushed N.N.'s panties aside, "put his mouth on her and ... blew into her." Defendant then exposed himself to N.N., put a "white plastic baggie thing" over his private parts and ejaculated in front of the child. Another time, defendant again "put his tongue on [N.N.'s] private part ... [and] showed [N.N.] his private part again." Defendant again ejaculated in front of the child. Although at trial N.N. denied defendant ever put anything other than his tongue in her private parts, N.N. previously told her mother that "he put his fingers inside of her," and again ejaculated. *853 Once was before spring break, and once was after spring break. Defendant told N.N. "don't tell mommy," and N.N. was afraid defendant would hurt her. In an interview videotaped on the night of her outcry and played for the jury, N.N. confirmed that defendant penetrated her digitally each time, and that it hurt. She also related that, under the guise of innocent horseplay, defendant "bounced" N.N. on his chest such that, through their clothing, defendant's private parts rubbed against N.N.'s private parts. During the second incident, defendant "bounced" N.N. again.
The jury found defendant guilty as charged for each offense. Pursuant to the grant of an out-of-time appeal, defendant appeals from the denial of his motion for new trial. Held:
1. Defendant's first enumeration objects to the admission into evidence of "the testimony of four witnesses and the videotaped interview of [N.N.]," arguing there were insufficient indicia of reliability to authorize hearsay statements under the Child Hearsay Statute, OCGA § 24-3-16. Specifically, defendant argues the child's outcry was not spontaneous but arose only when the child was confronted with possible discipline over an unrelated matter at school; the child had a poor history for truthfulness; the mother, a former investigator with the Georgia Bureau of Investigation, had the opportunity to coach the child and was present whenever N.N. spoke of these matters to other adults; and the child was manipulative by concealing her knowledge of the term "condom."
A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.
OCGA § 24-3-16. In Gregg v. State, 201 Ga.App. 238, 240 (3)(b), 411 S.E.2d 65, this Court noted ten nonexclusive factors the trial court should consider in determining whether the circumstances surrounding a child's claim of molestation provide corroborating indicia of reliability. These factors are to be applied in neither mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness. Jones v. State, 226 Ga.App. 420, 422-423(2), 487 S.E.2d 56.
Although there is an evidentiary basis for each of defendant's specific challenges, they do not deprive the following salient circumstances of evidentiary value: The child's outcry naming defendant arose within a month of the last act, after N.N. saw a television news item about a teacher who allegedly molested several children in his class. N.N. had an "uh-oh" feeling in the pit of her stomach that what defendant had done to her was wrong, and so, in accordance with general instructions from a school counselor, N.N. told a trusted adult (her mother) what had happened. The child had a calm demeanor during the videotaped interview, was responsive to the investigator's questions, and appreciated the seriousness of the accusations. The trained investigator did not unnecessarily lead the child but allowed her to express her story in a narrative fashion. N.N. testified at trial and was cross-examined by defense counsel. In our view, there was an ample evidentiary basis to authorize the trial court's ultimate conclusion that sufficient indicia of reliability corroborated the child's outcry. Consequently, there was no error in admitting the videotape interview or the related testimony of adults to whom nine-year-old N.N. described the indecent liberties defendant took with her. Allen v. State, 263 Ga. 60-61(2), 428 S.E.2d 73 (videotape); McCormick v. State, 228 Ga.App. 467, 468(4), 491 S.E.2d 903 (statements to official investigator); Jones v. State, 226 Ga.App. at 422-423(2), 487 S.E.2d 56, supra (statements to adults); Heard v. State, 221 Ga.App. 166, 167-168(2), 471 S.E.2d 22 (videotape). Alleged inconsistencies or challenges to the truthfulness of the child are matters of credibility for the jury to resolve and do not render the admission of this relevant and *854 material evidence erroneous. Medina v. State, 234 Ga.App. 13, 14(1)(a), 505 S.E.2d 558.
2. Counts 3 and 5 of the indictment alleged defendant committed the indecent and immoral act of "touch[ing] the vaginal area of [N.N.] with his finger." Defendant enumerates the denial of his motion for directed verdicts as to these two counts, arguing there is no competent evidence that defendant committed child molestation by the specific means alleged.
The standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 is the proper test for an appellate court to determine the sufficiency of the evidence to convict, whether the challenge arises from the overruling of a motion for directed verdict of acquittal or from the overruling of a motion for new trial based upon the general grounds. Humphrey v. State, 252 Ga. 525, 526-527(1), 314 S.E.2d 436; Lovell v. State, 235 Ga.App. 140(1), 508 S.E.2d 771.
On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of Jackson v. Virginia, 443 U.S. 307[, 99 S.Ct. 2781, supra]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.
(Citations and punctuation omitted.) Turner v. State, 223 Ga.App. 448, 449(1)(a), 477 S.E.2d 847. In the case sub judice, defendant's argument there is no competent evidence because the videotape interview of the child should have been excluded has been determined adversely to him in Division 1. N.N.'s statement that defendant penetrated her digitally, and that it hurt, is sufficient under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, supra, to authorize the jury's verdicts that defendant is guilty, beyond a reasonable doubt, of child molestation as alleged in Counts 3 and 5 of the indictment. Miles v. State, 201 Ga.App. 568, 570-571(9), 411 S.E.2d 566. The trial court did not err in overruling defendant's motion for directed verdict of acquittal as to these two counts.
3. Defendant contends the trial court further erred in overruling his motion for directed verdict of acquittal as to Counts 4 and 6, arguing there was a fatal variance between the allegations of the indictment and the proof at trial.
The indictment charged defendant with committing an indecent and immoral act, in that he did "rub his penis against [the] child's vaginal area." In support of his contention, defendant points out that N.N. testified that both she and defendant were still fully clothed when defendant "bounced" N.N. on his chest. But the full import of N.N.'s testimony is that when defendant "bounced" N.N., she felt him place his private parts against her private parts.
"Skin-to-skin" contact is not a necessary element of child molestation under either OCGA § 16-6-4(a) or the charge as laid by the State in this indictment. See Holland v. State, 209 Ga.App. 821, 823, 434 S.E.2d 808 (six judges concurring fully and specially). N.N.'s statement that she felt defendant's privates against her own privates, even through clothing, is sufficient proof that defendant rubbed his penis against the child's vaginal area with the intent to arouse his sexual desires, as alleged in Counts 4 and 6 of the indictment. Consequently, there was no fatal variance between the allegations and the proof. McGuire v. State, 209 Ga.App. 813, 814 (1)(a), 434 S.E.2d 802.
4. During deliberations, the jury sent out a note with the following question regarding Counts 4 and 6: "Does the act of rubbing have to be clothed or unclothed?" The trial court recharged the jury on the definition of child molestation and instructed them that the answer to their question is the question of fact the jury must decide.
*855 (a) Defendant objected to both the recharge and the trial court's explanatory comments. Consequently, the State's contention that defendant waived any objection to the recharge by failing to pursue the same in a motion for new trial is without merit. Defense counsel may except to such portions of the jury instructions as are perceived at trial to be error and may also reserve the right to raise additional exceptions on motion for new trial or on appeal. McCoy v. State, 262 Ga. 699, 700-701(2), 425 S.E.2d 646.
(b) Defendant contends the recharge was erroneous because the trial court failed to restate the State's obligation to prove every material allegation of the indictment beyond a reasonable doubt, thus allowing the possibility that defendant was convicted of an act of molestation not charged in the indictment. We disagree.
A trial court is duty-bound to recharge on any part of the charge when the jury so requests, but does not err in limiting such recharge to the specific points raised by the jury's inquiry. Sinkfield v. State, 266 Ga. 726, 727(3), 470 S.E.2d 649. Where the jury requests further instructions, the court in its discretion may recharge them in full or only upon the points requested. Bowley v. State, 261 Ga. 278, 280(3), 404 S.E.2d 97.
In the case sub judice, the recharge in the statutory language was a correct statement of the offense of child molestation. Long v. State, 189 Ga.App. 131, 132(2), 375 S.E.2d 274. The trial court instructed the jury on the State's burden to prove each essential element of the offense charged in the indictment beyond a reasonable doubt, both in its preliminary instructions and in the general charge. We have already held in Division 3, supra, that there was no fatal variance. There is also no reasonable possibility the recharge confused a juror of ordinary intelligence, or that defendant was found guilty under Counts 4 and 6 for committing child molestation in any manner except as alleged in the indictment. Pettway v. State, 204 Ga.App. 804, 805, 420 S.E.2d 619.
5. During closing argument, the trial court cautioned the State's attorney not to mention defendant's non-responses to police questioning. Nevertheless, the State's attorney then referred to testimony by police investigators, indicating that, when defendant was formally arrested on multiple charges of molestation, defendant "asked if he could get his shoes. And that was his only comment." Defendant objected, indicating he had a motion to make outside the presence of the jury. Without removing the jury, the trial court "overrule[d] the objection at this point, [but] caution[ed] [the State's attorney] again." Defendant requested no further instructions and did not renew his motion after this rebuke of the State's attorney by the trial court.
If a court overrules a motion for a mistrial but gives corrective instructions, and thereafter counsel fails to request further instructions or fails to renew the motion for a mistrial, an enumeration raising this ground is without merit. Ross v. State, 233 Ga.App. 26, 27(2), 503 S.E.2d 308. In the case sub judice, the alleged error enumerated was not preserved for appellate review and consequently presents nothing for decision on appeal.
Judgment affirmed.
ANDREWS, P.J., and RUFFIN, J., concur.