A00A0855. IN THE INTEREST OF J. D., a child.
(534 SE2d 112)

MILLER, Judge.

The juvenile court adjudicated J. D. delinquent for acts which if committed by an adult would constitute child molestation and aggravated sodomy. J. D. appeals, challenging the sufficiency of the evidence. We affirm.

The evidence is examined under the standard of *Jackson v. Virginia,*[1] and all reasonable inferences from the evidence are construed in favor of the juvenile court's findings.[2]

Viewed in this light, the evidence showed that J. D. and three other children were walking through a wooded area. The investigating officer testified that the first victim, D. D., then age six, was made to put J. D.'s penis in his mouth, after J. D. threatened to beat up D. D. Another six-year-old, D. H., reported that J. D. "humped" D. H. on the victim's back, which involved contact between J. D.'s penis and the victim's buttocks area.[3] An accomplice corroborated each victim's statements.

Under OCGA § 16-6-2 (a), "[a] person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person." Force means an act of physical

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *In the Interest of T. T.*, 236 Ga. App. 46 (1) (510 SE2d 901) (1999); *In the Interest of J. L.*, 229 Ga. App. 447, 448 (494 SE2d 274) (1997).

[3] See *Knight v. State*, 239 Ga. App. 710, 713 (3) (521 SE2d 851) (1999) (skin-to-skin contact is not a necessary element of child molestation).

force, threats of death or physical bodily harm, or mental coercion, such as intimidation.[4] The testimony as to the victims' statements,[5] and that of the alleged accomplice, was sufficient evidence to show that J. D. threatened D. D. with physical harm into performing oral sex on him and that J. D. "humped" D. H., an indecent act, with the intent to arouse or satisfy the sexual desires of himself.[6] We hold that this evidence is sufficient to warrant the juvenile court to adjudicate J. D. delinquent for the acts alleged.[7]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED APRIL 17, 2000.

*Joseph W. Jones, Jr.,* for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Assistant District Attorney,* for appellee.

---

[4] *Brewer v. State,* 271 Ga. 605, 607 (523 SE2d 18) (1999).

[5] Under the Child Hearsay Statute, a child's statement describing an act of sexual contact performed with or on the child is admissible if the child is available to testify and the court finds sufficient indicia of reliability. See OCGA § 24-3-16. Cf. *Woodard v. State,* 269 Ga. 317 (496 SE2d 896) (1998) (amendment allowing hearsay statements of child as to what happened to others is unconstitutional).

[6] See OCGA § 16-6-4 (a); *In re W. S. S.,* 266 Ga. 685, 686 (470 SE2d 429) (1996) (sodomy); see also *In re J. B.,* 183 Ga. App. 229, 230 (6) (358 SE2d 620) (1987) (child molestation).

[7] OCGA § 15-11-2 (6) (A).