A05A1213. IN THE INTEREST OF M. F., a child.
(623 SE2d 234)

BARNES, Judge.

M. F., a minor, appeals the juvenile court's adjudication that he was delinquent on four charges, which if committed by an adult would constitute the following crimes: possession of a weapon during the commission of a crime, obstruction of a police officer, possession of a firearm by a minor, and aggravated assault.[1]

On appeal, M. F. contends that (1) the evidence was insufficient to support a finding, beyond a reasonable doubt, that he committed the acts charged; (2) the juvenile court violated Canon 3 of the Judicial Code of Conduct by allegedly asking improper questions of the prosecution's witnesses; (3) the trial court violated M. F.'s due process rights by not informing him of his right to remain silent; (4) M. F.'s trial counsel was ineffective. Finding no reversible error, we affirm.

1. M. F.'s first four enumerations of error raise whether the juvenile court erred in adjudicating him delinquent because the evidence was insufficient to sustain the charge. We will consider these enumerations together.

On appeal, we view the evidence from an adjudicatory hearing in the light most favorable to the prosecution to determine whether a

---

[1] Two counts alleging pointing a gun at another and obstruction of a police officer were dismissed.

rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. *In the Interest of D. S.*, 239 Ga. App. 608 (521 SE2d 661) (1999). The evidence is examined under the standard of *Jackson v. Virginia*, 443 U. S. 307, 318 (99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings. *In the Interest of J. D.*, 243 Ga. App. 644 (534 SE2d 112) (2000).

Viewed in that manner, the record shows that while working as security staff for a local movie theater, a police officer saw M. F. receive a .22 caliber automatic handgun from another juvenile in the theater's courtyard. The officer approached the boys, grabbed the other juvenile, and instructed M. F. to drop the weapon. After the officer told him to drop the pistol a second time, M. F. spun toward him with the gun in his hand and pointed it at the officer. Fearing that he was about to be shot, the officer pulled his service revolver. M. F. then threw the pistol at the officer and attempted to flee on foot. A second officer on security duty at the theater that evening saw the same disturbance and approached from behind M. F. The second officer chased M. F. and apprehended him. No one was physically harmed in the incident.

At the hearing, the second juvenile testified that, after he saw the police coming, he handed the pistol to M. F. He also testified that M. F. did not point the pistol at the police. M. F. testified that the other boy handed him the gun and that he never pointed the gun at any of the officers or threatened anyone.

After considering the evidence, the juvenile court found the evidence sufficient beyond a reasonable doubt to adjudicate M. F. delinquent for the felony of aggravated assault. Although the juvenile court also found the evidence sufficient beyond a reasonable doubt to adjudicate M. F. delinquent for the other offenses with which he was charged, the court dismissed those charges by merger into the aggravated assault charge. The court then transferred the case to another county for disposition. Subsequently, M. F. was committed to the restrictive custody of the Department of Juvenile Justice for a period of 36 months.

(a) M. F. contends that the juvenile court erred by adjudicating him delinquent for both pointing a gun at another and obstruction of a police officer as the evidence was insufficient to sustain the charges and by adjudicating him delinquent for possession of a weapon during the commission of a crime because the court amended the juvenile petition after the trial had started. Because the juvenile court merged both of these charges into the aggravated assault adjudication, these issues are moot. Moreover, any error resulting from them was harmless because we find it highly probable that any

error concerning these charges did not contribute to the adjudication of M. F. as delinquent. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

(b) M. F. contends that the evidence is insufficient to show that he committed acts which, if committed by an adult, would constitute aggravated assault, as against the first officer. He argues that the State failed to show that when the gun was pointed at the officer he was placed in reasonable apprehension of immediately receiving a violent injury. The juvenile court, however, found that the officer's testimony clearly showed he thought that M. F. was going to shoot him. When the use of a deadly weapon places the victim in reasonable apprehension of immediate violent injury, the felony offense of aggravated assault has occurred. OCGA § 16-5-21 (a) (2). Although M. F. denied pointing the pistol at the officer, the officer testified that he did and that he believed that M. F. was going to shoot him. He also testified that when he saw the gun pointed at him, he put two to two and a half pounds of pressure on the five-pound trigger of his handgun, coming close to shooting M. F.

This evidence was sufficient to enable the juvenile court to conclude beyond a reasonable doubt that M. F. committed acts which, if committed by an adult, would have constituted one count of the offense of aggravated assault. Resolving conflicts and inconsistencies in the evidence and determining the credibility of witnesses are for the factfinder and not appellate courts. *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000). Accordingly, the evidence was sufficient to support the juvenile court's adjudication of M. F. as delinquent for aggravated assault.

2. M. F. also contends that the juvenile court questioned the State's witnesses in such a manner that the court became an advocate for the State. As the record shows, and M. F. concedes on appeal, M. F. did not object to these questions, no issue was preserved for appellate review, and we cannot consider it for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979). Further, we must decline M. F.'s invitation to apply the plain error rule in this instance. Plain error is error that is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or one that seriously affects the fairness, integrity, or public reputation of a judicial proceeding. Although our Supreme Court has restricted application of the plain error doctrine to death penalty cases and cases in which the court has allegedly opined on the guilt of the defendant, this court's application of the doctrine has been less restrictive. We have, however, generally restricted application of the doctrine to cases presenting exceptional circumstances. *Emilio v. State*, 257 Ga. App. 49, 52 (3) (570 SE2d 372) (2002). This is not such a case.

3. M. F. also enumerates as error that he was never advised of his right to remain silent or warned of the consequences of foregoing this right before he testified. Pretermitting whether M. F. was advised of his rights before testifying, the transcript of the juvenile court proceedings reveals that M. F.'s testimony did not include self-incriminating responses. Therefore, any error that may have occurred was harmless. *Johnson v. State*, supra, 238 Ga. at 61.

4. Although M. F. enumerates as error that his trial counsel provided ineffective assistance, the record does not show that he has properly preserved this issue for appeal. "In *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988), it was made clear that any contention concerning ineffective counsel should be made at *the earliest practicable moment*. That moment was during the 30-day period following entry of judgment [in which he was authorized to file a motion for new trial]." (Emphasis in original.) *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407) (1989). Although juvenile courts have the authority to grant motions for a new trial, *In the Interest of T. A. W.*, 265 Ga. 106, 107 (454 SE2d 134) (1995), M. F. filed no such motion, even though appellate counsel entered an appearance during the period in which a motion for new trial could have been filed and before the notice of appeal was filed. Consequently, the failure to raise the effectiveness of trial defense counsel in a motion for new trial waives the issue, and it is unnecessary for us to discuss the merits of the allegation. *Washington v. State*, supra, 193 Ga. App. 823.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 16, 2005.

*Glaze, Harris & Mack, Robert L. Mack, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Assistant District Attorney*, for appellee.