A08A0099. LOPEZ v. THE STATE.
(661 SE2d 618)

BERNES, Judge.

A Gwinnett County jury convicted Marcos Tulio Lopez of two counts of child molestation, and the trial court denied his motion for new trial. On appeal, Lopez contends that the trial court erred by

---

denying his motion for a directed verdict of acquittal; responding improperly to a question the jury asked during their deliberations; authorizing the replay of the videotaped police interview of the victim after the jury began deliberating; and allowing the state to ask the child victim leading questions. Finding no error, we affirm.

1. A person is guilty of child molestation "when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Here, Count 2 of the indictment alleged that Lopez committed child molestation upon the victim "by touching her vagina with his penis."[1] Count 3 alleged that Lopez committed child molestation upon the victim "by kissing her on the mouth." Contending that there was insufficient evidence to convict him on these two counts, Lopez asserts that the trial court should have granted his motion for directed verdict of acquittal.

> On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Prudhomme v. State*, 285 Ga. App. 662, 663 (1) (647 SE2d 343) (2007).

Viewed in this light, the trial record shows that the seventeen-year-old appellant and the six-year-old victim were cousins. On May 10, 2003, appellant was visiting the residence of the victim and her parents. That afternoon, the victim's mother decided to go shopping while the victim's father was upstairs taking a shower. When the mother left, the victim was alone with appellant in the downstairs kitchen getting ice cream.

---

[1] Count 1 of the indictment charged appellant with rape, but he was acquitted on this count.

After the mother left the residence, appellant told the victim, "We just going to f—k a little bit." Appellant had the victim lie on the kitchen floor and got on top of her. Appellant placed his penis on the victim's vagina and began kissing her on the mouth.

When the father came downstairs after his shower, he caught appellant on top of the victim, kissing her. The father immediately took the victim, who was visibly scared, upstairs to talk about what had happened. The victim told her father what appellant had said and done to her. The victim's father called the mother, who immediately returned home. The father and mother then took the victim to the hospital. At the hospital, the victim spoke to her mother about what had happened. A detective with the Gwinnett County Police Department later interviewed the victim and her parents and obtained a warrant for Lopez's arrest.

Lopez subsequently was arrested and tried on the two counts of child molestation. Among others, the victim, her parents, and the detective testified at the trial. The state also played a videotape to the jury of the detective's interviews with the victim and her father. After hearing all the evidence, the jury convicted Lopez on both counts.

The evidence set out above clearly was sufficient to sustain Lopez's convictions. At trial, the victim's father testified to what he had seen when he came downstairs, and "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Additionally, the detective and the victim's parents testified as to what the victim had told them had occurred, and the jury was entitled to consider the victim's out-of-court statements as substantive evidence under the Child Hearsay Statute, OCGA § 24-3-16. See *Manders v. State*, 281 Ga. App. 786, 788 (1) (637 SE2d 460) (2006); *In the Interest of J. D.*, 243 Ga. App. 644, 645, n. 5 (534 SE2d 112) (2000). Finally, any inconsistencies between the victim's trial testimony and her out-of-court statements were issues of witness credibility that were "solely within the province of the jury and play[ ] no part in this Court's sufficiency of the evidence review." *Roberts v. State*, 258 Ga. App. 107, 108 (1) (572 SE2d 744) (2002). Accordingly, we conclude that any rational trier of fact could have found Lopez guilty beyond a reasonable doubt of the two counts of child molestation. *Jackson*, 443 U. S. 307. See OCGA § 16-6-4 (a); *Manders*, 281 Ga. App. at 787-788 (1); *Rosser v. State*, 276 Ga. App. 261, 262-263 (1) (623 SE2d 142) (2005).

2. During their deliberations, the jury sent a note to the trial court which inquired, "In Count 2 for touching is skin to skin contact

required? Does the penis and vagina both have to be exposed?"[2] Over objection, the trial court answered by writing "No" next to each question on the jury's note and returned the note to the jury. Appellant contends that the trial court's answer was erroneous because it permitted the jury to convict him in a manner different from what was alleged in the indictment.

We reject appellant's contention. As an initial matter, it is clear that skin-to-skin contact is not a necessary element of child molestation, and so the trial court's answers to the jury's two questions comported with Georgia law. See *In the Interest of J. D.*, 243 Ga. App. at 644, n. 3; *Knight v. State*, 239 Ga. App. 710, 713 (3) (521 SE2d 851) (1999). Furthermore, the trial court's answers did not authorize the jury to find Lopez guilty in a manner different from that set out in the indictment. In *Knight*, 239 Ga. App. at 713 (3), we held that an indictment alleging that the defendant "rub[bed] his penis against [the] child's vaginal area" did not require the jury to find that there was skin-to-skin contact between the defendant and victim's private parts. Here, as previously noted, Count 2 of the indictment charged Lopez with committing child molestation upon the victim "by touching her vagina with his penis." The language in Count 2 is substantially similar to that found in the indictment in *Knight*, and so we likewise conclude that Count 2 did not require the state to prove skin-to-skin contact. It follows that the trial court committed no error in its response to the jury's questions.

3. During deliberations, the jury sent a note to the trial court requesting that the detective's videotaped interview with the victim be replayed for them. Over objection, the trial court allowed the jury to view the videotape in the courtroom with both parties present. Before allowing the replay of the videotape, the trial court instructed the jury:

[B]efore we begin viewing that video, I do need to caution you as follows: Ladies and gentlemen, I am, as a convenience to you, to assist you in your deliberation, allowing you to see this videotape again.

However, I think it is appropriate and necessary to instruct you that this was only one part of the evidence in the entire trial. And by allowing you to see this tape again, in no way do I want to unduly emphasize this part of the evidence.

---

[2] There was conflicting testimony at trial as to whether both appellant and the victim were fully unclothed at the time of the incident.

> You should recall the evidence from the entire trial as a whole, and you should look at this as only one part of the entirety of the evidence that was produced to you during the trial of this matter.
>
> So merely because you have seen this video more than one time, you should not give it undue emphasis just because you've seen it more than once.

After the videotape was replayed, the trial court reiterated to the jury, "[T]his was only a portion of the total evidence that you received that was produced to you during the trial. And you should remember that as such, as a part of all of the evidence in our case."

Relying upon the continuing witness rule, Lopez contends that the trial court erred in allowing the replay of the videotape. We are unpersuaded. "It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations." (Punctuation and footnote omitted.) *Roberts*, 258 Ga. App. at 110 (4). And, the continuing witness rule does not apply where, as here, the videotape was replayed to the jury a single time "in a controlled environment, the courtroom, with all parties and the trial judge present." Id. See also *Summage v. State*, 248 Ga. App. 559, 561 (1) (546 SE2d 910) (2001). Accordingly, we find no basis for reversal.

4. Finally, Lopez argues that the trial court erred in permitting the state to ask leading questions during its examination of the child victim.

> The courts have traditionally accorded a great deal of latitude in the examination of young or timid or otherwise disadvantaged witnesses. *Hayslip v. State*, 154 Ga. App. 835 (270 SE2d 61) (1980); *Hanson v. State*, 86 Ga. App. 313 (71 SE2d 720) (1952). In *Hanson*, this [C]ourt specifically noted that the nature of the offense was sexual and held that in such a case, when the victim was of tender years, the trial court did not abuse its discretion in permitting repetitive and even leading questions. We find the same considerations to obtain here, and therefore find [Lopez's] enumeration without merit.

(Citation and punctuation omitted.) *Stine v. State*, 199 Ga. App. 898, 900 (3) (406 SE2d 292) (1991).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

*Andrew, Merritt, Reilly & Smith, Raymon D. Burns*, for appellant.

*Daniel J. Porter, District Attorney, James H. Wall, Assistant District Attorney*, for appellee.