## A08A1140. STUBBS v. THE STATE.

(667 SE2d 905)

JOHNSON, Presiding Judge.

A jury found Henry Lee Stubbs III guilty of a number of offenses, including armed robbery and hijacking a motor vehicle. Stubbs appeals, alleging the trial court erred in denying his motion for a directed verdict of acquittal, erred in admitting evidence concerning a victim's prior inconsistent statement, and erred in refusing to merge an aggravated assault charge into an attempted armed robbery charge. We find no error and affirm Stubbs' convictions.

1. Stubbs claims in a two-paragraph argument that the trial court erred in denying his motion for a directed verdict of acquittal "[i]n light of the lack of reliable identification evidence." However, the standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction: the evidence must be viewed in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient to support the jury's verdict.[1] Conflicts in the testimony of the witnesses are a matter for the jury to resolve, and, as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[2]

Viewed in this light, the trial record shows that on January 18, 2005, at approximately 3:30 p.m., two black males took a green Ford F-150 truck at gunpoint from three victims at a liquor store in

---

[1] See *Lopez v. State*, 291 Ga. App. 210, 211 (1) (661 SE2d 618) (2008).

[2] Id.

Warner Robins. At approximately 7:00 p.m. on the same day, a black male approached another victim in the parking lot of a Warner Robins Wal-Mart store, demanded "everything you've got," and hit her in the face with a gun when she did not comply. When the victim began to scream, witnesses came to her aid and pursued the attacker. The pursuers saw a green Ford truck pick up the attacker in an adjoining store parking lot. A be on the lookout was immediately issued, and an officer spotted and pursued a green Ford F-150 matching the description provided by the witnesses.

The truck eventually stopped, and the officer chased two male suspects who jumped out of the truck and fled. The officer was unable to capture either suspect. Another officer removed a third suspect from the truck. This third individual identified Stubbs as one of the men that fled, and she told police that Stubbs and his co-defendant had picked her up from work in the truck. Officers noticed a current registration sticker "clumsily patched" onto a license tag which was not issued to the truck, and the truck was subsequently identified as the one that had been stolen earlier in the day from the liquor store. The tag on the stolen truck was registered to a vehicle located at Stubbs' residence, where he was arrested.

This Court will not re-weigh the evidence or resolve any conflicts in the testimony.[3] It was the jury's duty to determine the credibility of the witnesses and the reliability of the identification evidence. Given the record in this case, the evidence was sufficient to support the jury's verdict, and the trial court did not err in denying Stubbs' motion for a directed verdict of acquittal.

2. Stubbs contends the trial court erred in denying merger of Count 13 into Count 10. Count 10 charged Stubbs with criminal attempt to commit armed robbery by "attempting to take everything [the Wal-Mart victim] had" by use of a firearm, while Count 13 charged Stubbs with aggravated assault by "striking her in the head" with a firearm.

The law is well established that aggravated assault is not included in an attempted armed robbery as a matter of law, although these two offenses may merge as a matter of fact if the same facts are used to prove each offense.[4] However, where the underlying facts show that one crime was completed prior to the second crime, there is no merger.[5] Under the required evidence test, "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine

---

[3] See id.

[4] See *Gaither v. Cannida*, 258 Ga. 557 (1) (372 SE2d 429) (1988).

[5] Id. at 557-558.

694

whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[6]

Here, the record shows that the victim was walking to her car in the Wal-Mart parking lot when her attacker approached her and demanded that she "give me everything you've got." The victim refused, at which point the attacker pointed a gun at her. The attacker then struck the victim in the face with the gun and ran off. The trial court found that the act of attempted armed robbery was complete when the attacker pointed the gun at the victim; and the act of aggravated assault occurred when the attacker struck the victim in the face with the gun. We agree.

A person commits the offense of criminal attempt when, "with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[7] This was accomplished in the present case when the attacker demanded money and pointed a gun at the victim. Because the crime of criminal attempt to commit armed robbery was not established by proof of the same or less than all the facts required to establish the crime of aggravated assault, the trial court properly refused to merge the two offenses.[8]

3. Stubbs alleges the trial court erred in admitting evidence of a victim's statement to officers as a prior inconsistent statement. We find no reversible error.

When impeaching a witness with a prior inconsistent statement, the cross-examiner must meet three requirements: "First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and, third, the examining attorney must lay the proper foundation with the witness."[9] To lay this foundation, a written contradictory statement must be shown to the witness or read in his hearing.[10] In the present case, the state admits that a proper foundation was not met, but argues that the evidence was admissible as part of the res gestae and to explain the officer's course of conduct. We agree.

The record shows that at trial one of the victims at the liquor store failed to give any description of the clothing worn by the males who robbed him and two others of the F-150 truck. During an officer's testimony, the state offered the victim's prior statement to

[6] (Citation and punctuation omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

[7] OCGA § 16-4-1.

[8] See *Drinkard*, supra at 217.

[9] *Duckworth v. State*, 268 Ga. 566, 567 (1) (492 SE2d 201) (1997).

[10] OCGA § 24-9-83.

establish the description of the clothing given by the victim on the date of the armed robbery. This description was used by officers when searching Stubbs' residence for a distinctive jacket. While this statement could be characterized as a prior inconsistent statement, it is also admissible as part of the res gestae.[11] Statements made to an investigating officer shortly after the incident are part of the res gestae and are admissible at trial.[12] Here, the victim's statement was given to the officer at the time the officer interviewed the victim shortly after the commission of the crime.[13] In addition, the victim's statement regarding the clothing worn by one of the armed robbers is admissible because it explains the officer's conduct in searching Stubbs' residence for the jacket.[14] OCGA § 24-3-2 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." The trial court did not err in admitting the victim's statement regarding the description of the clothing worn by one of the armed robbers at the liquor store.

Moreover, even if the trial court did err in admitting this testimony, any error would be harmless in light of another witness's testimony regarding the distinctive jacket worn by Stubbs when he jumped out of the truck and ran off following the pursuit from Wal-Mart. It is highly unlikely that any error in admitting this evidence impacted the jury's verdict given the other evidence against Stubbs.[15]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 2008.

*L. Elizabeth Lane*, for appellant.
*Kelly R. Burke, District Attorney, Joshua D. Morrison, Assistant District Attorney*, for appellee.

---

[11] See OCGA § 24-3-3.
[12] See *Taylor v. State*, 226 Ga. App. 339, 340 (1) (486 SE2d 601) (1997).
[13] See *Stovall v. State*, 216 Ga. App. 138-139 (1) (453 SE2d 110) (1995) (officer permitted to read statement he saw written by victim of robbery approximately 45 minutes after the crime).
[14] See *Smith v. State*, 236 Ga. App. 122, 125 (4) (511 SE2d 223) (1999).
[15] See *Smith v. State*, 164 Ga. App. 704 (2) (297 SE2d 490) (1982).