A08A1276. CASH v. THE STATE.

(667 SE2d 691)

BERNES, Judge.

A jury found William Frank Cash, Jr., guilty of aggravated battery. Cash's sole enumeration of error is that the trial court erred

by not allowing him to introduce into evidence the victim's prior inconsistent statement. Finding no reversible error, we affirm.

Construed in favor of the jury's verdict,[1] the evidence shows that Cash was the victim's husband. Cash had a history of becoming physically violent with the victim when they argued. On one occasion, he punched the victim in the eye, and on another occasion, he pushed her through a window, requiring her to get eight stitches in her lower arm.

On the evening of August 12, 2006, Cash wanted the victim to drive him and their six-month-old child to his mother's house for a visit. The victim dropped them off there, and when she returned later that night, Cash wanted to go out with two of his friends. As Cash got into the driver's seat of the car, he complained that the victim had stayed away too long, and he refused to take the victim or their child back to their home before going out with his friends. After deciding that she would try to get into the passenger seat, the victim walked in front of the car. As she did so, Cash hit the gas pedal, throwing the victim onto the hood. Cash proceeded to drive through the neighborhood with the victim on the hood of the car as she repeatedly asked him to stop and beat on the windshield. In response to her protestations, Cash sped up. Approaching a major road, Cash looked directly at the victim and said, "[O]h, you want me to stop," after which he slammed on the brakes. The victim slid down the hood, and her legs went underneath the car. Both of her legs and one of her feet were broken as a result. She remained in a wheelchair for four months after the incident.

1. At trial, the victim testified to the events set out above. In light of her testimony, we conclude that any rational trier of fact was entitled to find Cash guilty beyond a reasonable doubt of aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-5-24 (a) (aggravated battery); 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."). Conflicts in the testimony, including the testimony of the state's witnesses, were for the jury, not this Court, to resolve. See *Lopez v. State*, 291 Ga. App. 210, 211 (1) (661 SE2d 618) (2008).

2. Cash contends that the trial court erred in refusing to allow him to introduce into evidence the victim's prior inconsistent statement. He notes that following the incident, the victim provided a written statement to the district attorney's office. Concluding that a proper foundation had not been laid, the trial court declined to admit the written statement into evidence.

---

[1] See *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

Pretermitting whether the trial court improperly refused to allow the admission of the victim's prior inconsistent statement, we conclude that any error was harmless. Even though the written statement was not itself admitted into evidence, Cash's trial counsel thoroughly cross-examined the victim about inconsistencies between her written statement and her trial testimony.[2] Furthermore, trial counsel elicited testimony from a responding officer concerning a statement that the victim made to him shortly after the incident occurred, which likewise was inconsistent with the victim's trial testimony. As such, the inconsistencies in the victim's version of events "were known to the jury." *Duckworth v. State*, 268 Ga. 566, 569-570 (2) (492 SE2d 201) (1997). It follows that the trial court's alleged error was harmless and provides no basis for reversal. See id.; *Worthy v. State*, 253 Ga. 661, 665 (4) (324 SE2d 431) (1985).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 25, 2008.

*Shana M. Rooks, James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Marc A. Pilgrim, Sheryl D. Freeman, Assistant District Attorneys*, for appellee.

---

[2] Cash failed to proffer the victim's prior written statement into evidence for purposes of appellate review. Thus, Cash has failed to show that there were any additional inconsistencies contained in the prior written statement that were not highlighted by defense counsel during cross-examination of the victim.